GALLOSO, Respondent, v. CITY OF SIKESTON, Appellant.

St. Louis Court of Appeals, April 16, 1907.

MUNICIPAL CORPORATIONS: Nuisances: Obstructions in Street: License. The streets of a city are dedicated to the public use and the officers of the city can not grant a license to an individual to obstruct a street in carrying on his ordinary avocation. A license to follow the avocation of a street vender does not carry with it the right to erect and maintain a structure in a street which would obstruct travel.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED.

*Russell & Deal* and *M. G. Gresham* for appellant.

Erections for private businesses upon the street are nuisance although sufficient space be left for the passage of vehicles and persons, and the public are entitled not only to a free passage along the highway, but a free passage along any portion of it not in actual use by some other traveler. The city of Sikeston had no right to grant the plaintiff or any one else a right to use the

public streets for private purposes, and if such
license were granted, the license were void; the
revocation of the same was unnecessary, and
the court erred in giving instruction number one
for the plaintiff. Schopp v. St. Louis, 117 Mo. 131;
Glasgow v. St. Louis, 87 Mo. 678; De Geofrey v.
Railroad, 179 Mo. 698; Underground Service Co. v. Mur-
phy, 134 Mo. 562; State ex rel. v. St. Louis, 161 Mo.
371.

*Moore & Parsons* for respondent.

If the petition states a cause of action for con-
version of property and the answer and instructions
conform thereto, the appellate court will determine it on
that theory. Carson v. Smith, 133 Mo. 606. The appel-
lant city assumed in the pleadings the role of being a
proper party defendant and pleaded to the merits as
such, and cannot now change front and insist it was not
the proper party defendant. Bensick v. Cook, 110 Mo.
173.

BLAND, P. J.—Omitting caption and signature,
the following are the pleadings:

"Plaintiff states that on July 5, 1905, at the city of
Sikeston, in the county of Scott, State of Missouri, the
defendant by means of its regularly constituted author-
ities, without leave and wrongfully took the following
property of the plaintiff and has not returned the same
that is to say a lunch stand by which the plaintiff says
he is damaged to the amount of fifty dollars for which
he asks judgment. Plaintiff further states that on July
1, 1905, the defendant for the sum of two dollars and
fifty cents, which plaintiff then and there paid to de-
fendant, issued and delivered to plaintiff a license which
authorized and gave permission to plaintiff to carry on
the business of a street vender, in and upon the streets
of defendant, for the period of three months from said

date and that on the said fifth day of July, defendant served notice on plaintiff that he would not thereafter be permitted to carry on and conduct his said business of a street vender and by means of the wrongfully taking away of his lunch stand as aforesaid, deprived the plaintiff of the privileges of conducting his said business by which plaintiff says he is damaged to the amount of two hundred dollars, for which he asks judgment."

"Now comes the mayor and marshal in above-entitled cause by their attorney and acknowledge having removed the lunch stand of plaintiff from the streets of the city of Sikeston, but deny the plaintiff had any right to erect a lunch stand upon said streets of the city of Sikeston and as a trespasser and maintainer of a nuisance upon said streets of the city of Sikeston has no cause for damages because of the removal of said lunch stand.   In answer defendants further state, that said lunch stand had been maintained in the streets of the city of Sikeston for three months and the said stand was only moved off the streets, and possession of the same has never been denied to the plaintiff."

"Now comes the plaintiff and replying to the answer of the defendant denies all the allegations in said answer except such as admit the allegation of the plaintiff."

The evidence shows that plaintiff maintained a stand, ten by six feet, partly on the sidewalk and extending beyond the curb, on a public street in the city of Sikeston, and that said stand was an obstruction to both sidewalk and the street.   Plaintiff had theretofore been granted a license by the mayor of the city to carry on the business of a street vender.   An ordinance of the city authorized the mayor to grant such a license.   By direction of the mayor, the city marshal notified plaintiff to move his stand from the street.   Plaintiff claimed the right, under his license, to maintain the stand and refused to move it.   The mayor and marshal then loaded

the stand into a wagon and hauled it off, without injuring it, and have since held it in possession but have at all times been ready and willing to deliver it to plaintiff on demand. Under instructions given by the court the jury found the issues for plaintiff.

A mere statement of the case is sufficient to show that the city of Sikeston is not liable in this action, and that the judgment must be reversed dead. The streets of a city are dedicated to the use of the public and they cannot be occupied by a private individual for the purpose of carrying on his trade or ordinary avocation; nor has the officer of a city the power to grant a license for such purpose. The license granted plaintiff to follow the avocation of a street vender did not authorize him to erect and maintain a structure in the street, or on the sidewalk, in which, or at which, to carry on his business of selling popcorn, peanuts and hot tamales. It only authorized him to go from place to place on the streets with his wares in a sack, basket, push-cart, or other vehicle, and vend them. The thing he erected in the street, according to the evidence, was an obstruction to travel, and the mere description of it situated on the street or sidewalk makes it a nuisance *per se,* and the city officers, as such and under the ordinances of the city not only had a right to abate the nuisance but it was their duty to do so. [Schopp v. City of St. Louis, 117 Mo. 131, 22 S. W. 898.]

The judgment is reversed. All concur.