STATE ex. rel. EVA P. ELLIS, Respondent, v. E. F.
MULLIGAN; GRAHAM PAPER COMPANY,
a Corporation, Appellants.

**Kansas City Court of Appeals, June 30, 1913.**

**NUISANCE: Obstructions on Sidewalk.** A relator owned a build-
ing adjoining that of defendants, both of which abutted upon
a public street in the city. The defendants built loading docks
or platforms on the south and west sides of their building
which was on a corner. These platforms appropriated the
sidewalk to their own use and compelled travellers on the
walk to either climb over them or go out into the street to
get by. The relator got the prosecuting attorney to bring
suit in the name of the state at the relation and to the use
of relator to remove them as public nuisances: *Held,* a proper
remedy to secure relator's rights. *Held,* also that the plat-
forms were public nuisances which defendants had not the
right to erect or maintain; and that when the city passed an
ordinance permitting their erection, the city exceeded its au-
thority.

Appeal from Jackson Circuit Court.—*Hon. Thos. J.
Seehorn,* Judge.

AFFIRMED.

*Reinhardt, Schibsby & Muenich* for appellants.

*Floyd Jacobs* and *Metcalf, Brady & Sherman* for
respondent.

TRIMBLE, J.—Defendant Mulligan is the owner,
and the Graham Paper Company is the lessee, of a new
seven story concrete and steel building at the north-
east corner of Sixth street and Broadway in Kansas
City, Missouri. As thus located, the building abuts the
north side of Sixth street from east edge of Broadway
east for at least a distance of seventy-five feet, and
abuts the east side of Broadway from the north edge
of Sixth street for at least a distance of sixty-two feet.

Relator, Eva P. Ellis, is the owner of a building fronting west on Broadway and immediately adjoining the building owned by Mulligan. It also is flush with the edge of the street and is a business house or store room.

On Sunday, October 29, 1911, defendants constructed a loading deck or platform on Sixth street, along the south side of the Mulligan building, covering the entire sidewalk space and extending from the building to the curb. This dock is seventy-five feet long, twelve feet wide and from three to three and one-half feet high with cleated incline approaches at each end. On the same day defendants constructed a similar dock or platform on Broadway along the west side of the Mulligan building covering the entire sidewalk space and extending from the building to the curb. This dock is sixty-two feet long, from one and one-half feet to five feet two inches high, and was originally seventeen and one-half feet wide, but later seven feet were cut off the outer edge next to the curb. This dock also has cleated incline approaches at each end, and the north approach commences at the relator's property line. So that anyone coming west along Sixth street on the sidewalk must, upon reaching the Mulligan building, either step out into the street and walk to the corner in the roadway, or else climb up the cleated incline and pass along over the dock (if it is not occupied by defendants in loading and unloading merchandise). And, if this traveller desires to continue north to relator's property, or, if any one else desires to walk north along the east side of Broadway at Sixth street, he must either step out into Broadway or else must exercise something of the agility of an alpine climber to get up the cleated incline to the top of the platform and then pass over it and descend the incline at the other end, provided the platform is not occupied with defendants' merchandise.

This suit is brought by the Prosecuting Attorney of Jackson county in the name of the state, at the relation and to the use of Eva P. Ellis, as owner of the adjoining building, to enjoin the further mainten- ance of said obstructions in the sidewalk and to compel their removal. The learned trial court heard the evi- dence and found for plaintiff and ordered the obstruc- tions removed as being public nuisances, and re- strained defendants from further maintaining them. The court further found that defendant Kansas City exceeded its authority in permitting said obstructions to be placed in said streets or to remain there. The defendants Mulligan and the Graham Paper Company appealed.

In the abstract of the record are five large photo- graphs of these docks showing their location on the sidewalk and their proximity to relator's business house. A glance at these photographs will convince anyone, not blinded by self interest, that these loading docks are not merely encroachments upon the sidewalk, but are out-and-out appropriations of it to the use of defendants Mulligan and the paper company's build- ing and business carried on therein. If anything more could be done to compel persons using the sidewalk to travel out in the public street in order to get by the Mulligan building, we do not know what it would be unless an armed guard were stationed there to see that they did so. As thus constituted, the loading docks are public nuisances of the most flagrant char- acter. And if defendants can thus usurp the side- walk leading to relator's building in defiance of her rights and those of the public, under the pretense of authority from the city by ordinance allowing the docks to be built, then there is nothing to forbid defendants from appropriating the entire street in the same way.

Much is said in defendants' behalf as to the power of the city to grant authority to construct obstructions

that are not nuisances *per se.* But it is not necessary to go into that phase of the subject, since not only the photographs but also the testimony clearly shows beyond all question that the docks are public nuisances in and of themselves.

The remedy sought by the respondent is the proper method to secure her rights. [State v. Franklin, 133 Mo. App. 486.] The city connot grant a license to an individual or any private concern to obstruct the street in carrying on an occupation. [Galloso v. Sikeston, 124 Mo. App. 380.] An appropriation of the sidewalk, such as is shown here, is wholly inconsistent with the paramount right of easement existing in the public and in adjacent property owners, and hence makes the docks unlawful and nuisances. [City of Memphis v. Miller, 78 Mo. App. 67, 1. c. 73.]

It is urged that these loading docks are business necessities. That may be, but that should have been thought of and provided for when the building was erected, by so locating it as to have the docks on defendant's property instead of attempting to use the public sidewalk. Something is also said about the character of the neighborhood not now being as desirable as it once was, being given over to wholesale and manufacturing houses interspersed with saloons, foreign grocery stores and other less respectable places. Because relator's property is located in a neighborhood that is becoming undesirable is no reason why defendants should be permitted to make it still less valuable. Removing this outrageous obstruction from the sidewalk will be at least one step toward rehabilitation of the locality. The judgment of the learned chancellor is affirmed. All concur.