COMMONWEALTH *vs.* NATHANIEL W. FENTON.

Suffolk.    March 23, 1885.    W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A municipal regulation which prohibits any person from allowing his vehicle to stop in a street for a longer time than twenty minutes, is a valid police regulation, under the Pub. Sts. c. 28, § 25; and, on a complaint for violating the provisions of the regulation, evidence that the defendant had a license as a hawker or pedler from the Commonwealth, under the Pub. Sts. c. 68, is immaterial.

COMPLAINT to the Municipal Court of the city of Boston, for the violation, on June 21, 1884, of a regulation of the board of aldermen of said city, which provides that no owner, driver, or other person having the care or ordering of a vehicle, shall suffer the same to stop in a street of said city for more than twenty minutes.

At the trial in the Superior Court, on appeal, before *Blodgett,* J., a police officer testified, for the government, that the defendant, on the evening of the day named in the complaint, suffered his wagon to stop by the sidewalk in a certain street about twenty-nine minutes; that during that time, and before the expiration of the first twenty minutes, the defendant started his horse and wagon along said street, by the side of said walk, a distance not quite equal to the length of the team, where it remained the balance of the twenty-nine minutes; that the wagon contained root beer, which the defendant was selling; that he was acting orderly, not collecting any crowd, nor obstructing the street, nor impeding travel, nor creating any nuisance of any kind, and claimed to be acting under a license.

The defendant testified that he was selling root beer, manufactured by himself, and was doing so under a license from the Commonwealth, and that he was conducting his business under the terms of said license. This license was dated May 23, 1884, and was for the term of one year. It authorized the defendant, in accordance with the provisions of the Pub. Sts. c. 68, to go about as a hawker or pedler in the county of Suffolk, and to expose for sale in said county certain goods, or any other goods of his own manufacture.

The judge ruled that the license was no protection to the defendant, if he allowed his wagon to remain in the same place in said street more than twenty minutes. The defendant thereupon offered to prove that it was necessary for him, for the proper and profitable prosecution of his business, to remain at times longer than twenty minutes at a time at one place. The judge ruled that this evidence was immaterial.

The defendant asked the judge to instruct the jury as follows: " 1. If the jury find that the defendant was selling beer in the city of Boston under a license from the Commonwealth of Massachusetts, authorizing him to sell said beer in the county of Suffolk, and it was necessary, in the proper prosecution of said business, that his wagon remain at one place more than twenty minutes at a time, the rules and regulations of the mayor and aldermen of said city prohibiting any one from so doing are null and void as regards the defendant. 2. If the defendant was doing business under a license, as aforesaid, and was conducting it in a proper manner, and not collecting any crowd, nor obstructing the street, nor impeding travel, nor creating any nuisance, the rules and regulations of the mayor and aldermen of Boston, forbidding him remaining more than twenty minutes in any one place, are void. 3. The defendant, while acting under his license, was pursuing a lawful business in the city of Boston; and said city, by its mayor and aldermen, has no authority to pass any rules or regulations that shall restrain or unreasonably interfere with said business, so long as it is conducted orderly and properly. 4. Chapter 53, § 15, of the Pub. Sts., by which mayors and aldermen of cities are authorized to pass such rules and regulations regulating the passage of vehicles as they deem necessary for public safety and convenience, does not authorize them to

pass any such rules or regulations in violation of the laws of this Commonwealth, nor in restraint of any trade or business which any person is pursuing under a license from this Commonwealth. 5. The city of Boston had no authority to prohibit the defendant from selling beer in said city, if he was properly selling in accordance with his state license, and it cannot use a rule or regulation of its mayor and aldermen, passed to promote the comfort and welfare of its citizens, for the purpose of interfering with such lawful business; if, therefore, the jury find that the defendant was arrested for the purpose of restraining or interfering with his business, it was a violation of his rights under his license, and they should find the defendant not guilty."

The judge declined so to rule; and instructed the jury that, if they found that the defendant allowed his vehicle to remain in the street, as testified by the police officer, for more than twenty minutes, they should convict the defendant. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. J. Emery,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

BY THE COURT. The regulation which prohibits any person from allowing his vehicle to stop in a public street for a longer time than twenty minutes, is a valid police regulation. Pub. Sts. *c.* 28, § 25. *Commonwealth* v. *Brooks,* 109 Mass. 355. The fact that the defendant had a license from the State as a hawker and pedler is immaterial. His license does not authorize him to violate the ordinances or police regulations of the city. He is subject to the regulation in question, in the same manner as is any person exercising a trade which does not require a license.                    *Exceptions overruled.*