# BARTLESVILLE ELECTRIC LIGHT & POWER CO. v. BARTLESVILLE INTERURBAN RY. CO.

### No. 974. Opinion Filed May 10, 1910.

#### (109 Pac. 228.)

1. **MUNICIPAL CORPORATIONS—Grant of Right to Use Street —Exclusive Grant.** An ordinance of a municipal corporation granting to a corporation authority to use the streets, alleys, and public grounds of a city for the purpose of constructing and operating an electric light and power plant to furnish light and power to a city and its inhabitants confers privileges which are exclusive in their nature against all persons upon whom similar rights have not been conferred; and any person or corporation attempting to exercise such right, without legislative authority or sanction, invades the private property rights of the corporation to whom such franchise has been granted, and may be restrained at the instance of the owner of the franchise.

2. **MUNICIPAL CORPORATIONS—Ordinances — Subjects and Titles.** The requirement of a statute that the subject of any ordinance enacted by a city council shall be clearly expressed in the title is complied with where the title calls attention to the general subject of the legislation in the ordinance, and does not tend to mislead or deceive the people or council as to the purpose or effect of the legislation, or to conceal or obscure the same.

3. **SAME—Grant of Use of Streets.** The title of an ordinance reciting that its object was to grant to a certain person "the right to construct, maintain and operate an elecric light and power plant" is sufficient to carry a grant of the right to use the streets and alleys of the city for the construction of lines and poles thereon for the purpose of operating the plant.

(Syllabus by the Court.

*Error from District Court, Washington County; John J. Shea, Judge.*

Action by the Bartlesville Electric Light & Power Company against the Bartlesville Interurban Railway Company. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

*Veasey & Rowland,* and *Kenneth H. Davenport,* for plaintiff in error.—Citing: *Patterson v. Wallman,* 5 N. Dak. 608; *Millville*

454 SUPREME COURT OF OKLAHOMA.

Bartlesville Electric L. & P. Co. v. Bartlesville Interurban Ry. Co.

*Gas, Light Co. v. Vineland Light and Power* Co., 65 Atl. 504; *Twin Village Water Co. v. Damariscotta Gas L. Co.,* 98 Me. 325; *Trigwell v. Eagle Pass Ferry Co.,* 74 Tex. 480; 28 Cyc 379. .

*George, Campbell & Ray,* for defendant in error.—Citing: *Coffeyville Mining and Gas Co. v. Citizens Natural Gas & Mining Co.,* 40 Pac. 326; *People ex rel. v. General Elec. Ry. Co.* (Ill.) 50 N. E. 158.

HAYES, J.  Plaintiff in error instituted this action in the district court of Washington county to obtain a writ of injunction restraining defendant in error from using the streets, lanes, and alleys of the city of Bartlesville for the purpose of erecting thereon a system of poles and wires for the purpose of supplying the said city of Bartlesville and its inhabitants with electric light and power.  A temporary injunction was granted.  Thereafter a motion to dissolve the temporary injunction and a demurrer to plaintiff's petition were filed.  The motion and demurrer were heard and considered jointly by the court without the introduction of any evidence, and were sustained.  The temporary injunction was dissolved, and the cause dismissed.  The substantial and material facts of the petition admitted by the demurrer are:  That the assignee of plaintiff did on the 16th day of November, 1904, obtain from the council of the city of Bartlesville, then a municipal corporation of the Indian Territory, a franchise for a period of 21 years, granting to plaintiff's assignee the right to put, place, and maintain in any of the streets, alleys and public places of said city poles, wires, and all other appurtenances necessary to supply and furnish electric light and power to said city and the inhabitants thereof.  The franchise was duly accepted by the grantee, and immediately thereafter assigned to plaintiff.  Plaintiff has installed in said town, and is operating and maintaining, an electric light and power plant, and is supplying light and power to the town and its inhabitants in accordance with the provisions of the franchise.  A copy of the franchise is attached to the petition, and by its terms it attempts to grant to plaintiff's assignee the exclusive

right to use the streets and alleys of the city for the purposes therein mentioned. Defendant is now attempting, without authority from the city, to use the streets, lanes, and public places of the city for the purpose of erecting thereon and along same a system of poles and wires for supplying said town and its inhabitants with electric light and power. Plaintiff alleges that such attempted use of the streets by defendant is in conflict with its rights under its franchise, and that it will suffer irreparable injury and damage by reason thereof, and that the violation of its right by defendant will result in a multiplicity of suits, and that it has no plain, speedy, and adequate remedy at law. Defendant contends that the exclusive feature of plaintiff's franchise is void, for the reason that the city council was without authority to grant an exclusive franchise.

Plaintiff does not insist in this court that the exclusive provision of its franchise is valid, but it seeks to maintain its action upon the theory that, notwithstanding it has no exclusive franchise and the city has authority to grant a similar franchise to other persons, the use of the streets, alleys, and public places of the city by defendant without legislative authority from the municipal corporation is such an infringment on plaintiff's rights that it is entitled to injunctive relief.

It is not alleged in the petition that the use of the streets by defendant for the purpose of constructing and operating its electric light plant will injure the physical property of plaintiff, or interfere with the operation thereof. The sole injury which it complains will result from defendant's acts is the encroachment upon its rights to maintain or operate its plant and furnish light and power to the inhabitants of the city, resulting from the unlawful competition of defendant by a similar use of the streets without legislative authority therefor. In support of its contention that plaintiff has no standing in court upon this ground, defendant relies principally upon *Coffeyville Mining & Gas Company v. Citizens' Natural Gas & Mining Company,* 55 Kan. 173, 40 Pac. 326. In that case the only question involved was whether a

corporation organized for the purpose of supplying a city with natural gas and authorized by ordinance passed by the city council to use the streets and public grounds of the city for the purpose of laying its mains and pipes had any standing in court to test the validity of an ordinance granting a rival company a similar franchise. The court held that plaintiff could not maintain the action, and it is stated in the opinion that plaintiff could "neither test the validity of the ordinance under which defendants claim the right to act, nor could it, if no ordinance had been passed, try the right of defendant to lay pipes in the streets for the purpose of supplying natural gas." The opinion expressed by the court as to the right of plaintiff to maintain the action, if no ordinance had been passed, is not only *obiter,* but we believe is supported neither by the better reason nor by the weight of authorities. That an injunction is the appropriate remedy to protect a party who has an exclusive franchise against continuous encroachments is well settled, and such jurisdiction rests upon the ground of its necessity to avoid a ruinous multiplicity of suits and to give adequate protection to one's property in his franchise. 2 Pomeroy's Equitable Remedies, § 583. And the same author states the general doctrine to be that, in order for the owner of a franchise to be entitled to such relief, it is not necessary that the franchise shall be an exclusive franchise in the sense that another similar franchise cannot be granted to other persons, but that, if a defendant who has no franchise is acting in violation of law, he may be restrained by the owner of a valid franchise whose rights are injured by the illegal acts of defendant and that as to the one invading his rights without authority of law the franchise is an exclusive franchise, although the owner would be entitled to no protection against one acting under a similar franchise granted by the proper officer. Section 584.

In *Millville Gaslight Co. v. Vineland Light & Power Co.,* 72 N. J. Eq. 305, 65 Atl. 504, the facts are somewhat similar to those in the case at bar. In that case it is said:

"Legislative grants of franchises of the nature claimed by

complainant, whether granted by special charters or under general laws, confer privileges which are necessarily exclusive in their nature as against all persons upon whom similar rights have not been conferred, for any attempted exercise of such rights, without legislative sanction, is not only an unwarranted usurpation of power, but operates as a direct invasion of the private property rights of those upon whom the franchises have been so conferred —[citing authorities]. It follows that, if complainant is at this time entitled to exercise in the disputed territory the privileges set forth in the legislative act referred to, and defendant as claimed, enjoys no legislative sanction for the conduct sought to be enjoined, complainant will be entitled to the relief prayed for."

Other cases in point are *Jersey City Gas Co. v. Dwight,* 29 N. J. Eq. 242; *Central Ry. Co. of New Jersey v. Penn. Ry. Co.,* 31 N. J. Eq. 475; *Central C. Ry. Co. v. Metropolitan St. Ry. Co.,* 16 App. Div. 229, 44 N. Y. Supp. 752; *Twin Village Water Co. v. Damariscotta Gaslight Co.,* 98 Me. 325, 56 Atl. 1112; *Patterson v. Wollmann,* 5 N. D. 608, 67 N. W. 1040, 33 L. R. A. 536; *McInnis v. Pace et al.,* 78 Miss. 550, 29 South. 835; *Tugwell & Madison v. Eagle Pass Ferry Co.,* 74 Tex. 480, 9 S. W. 120, 13 S. W. 654.

When plaintiff accepted its franchise, it did so subject to the power of the municipality to grant to other persons or corporations similar franchises, and with the knowledge that it might be compelled to exercise its rights under its franchise with others exercising similar rights. If, by the competition of rival companies to whom the use of the streets and public grounds has been granted by the municipality, plaintiff is rendered unable to discharge the obligations of its contract to furnish the city and its inhabitants with light and power at stipulated prices, except at a financial loss to it, plaintiff cannot complain, for it must be held to have contemplated such condition might arise and to have agreed thereto, when it accepted the franchise; but such cannot be said of the defendant who unlawfully occupies the streets and public grounds of the city in competition with plaintiff.

By its unlawful acts defendant can and will take from plaintiff a portion of its business. At the same time defendant is under no obligation to the city or its inhabitants, and is all the while maintaining upon the streets and public grounds of the city a public nuisance, and the loss plaintiff sustains is to defendant its fruits from its violation of the law. By these unlawful acts of defendant plaintiff may be rendered financially unable to comply with the obligations of its contract, and may be subjected to suits for damages, mandamus proceedings to enforce the performance of its contract, or an action to forfeit its franchise. Defendant does not undertake to compete with plaintiff for the business of the city and its inhabitants by furnishing to them light and power other than by the use of the streets and alleys. Its right to sell light and power is not dependent upon any franchise, but its rights to use the streets and public grounds of the city for that purpose does depend upon the consent of the city; and, when it uses the streets without that consent, it is not only guilty of maintaining a public nuisance, but also inflicts upon plaintiff a special injury by its unlawful act which may be restrained.

The ordinance granting to plaintiff its franchise was enacted before the admission of the state, when section 924, Mansf. Dig. St. Ark., was in force in the Indian Territory (Ind. T. Ann. St. 1899, § 694). By that section it is provided that no by-laws or ordinance shall contain more than one subject which shall be clearly expressed in its title. The title of the ordinance in this case reads:

"An ordinance granting to Simon J. Smallwood, his heirs, associates and assigns, the right to construct, maintain, and operate an electric light and power plant in the incorporated city of Bartlesville, Indian Territory."

Defendant insists that this title does not clearly express the subject of the ordinance, in that it fails to state that the grantee is given the right to use the streets and public grounds of the city for the purpose of constructing poles and lines thereon for the

operation of its electric light and power plant. The rule of law applicable to this contention is stated as follows:

"The requirement of law that the subject of an ordinance shall be 'clearly expressed' in the title has been much mooted in the courts on ordinances of divers kinds, especially those regulating or licensing various acts and occupations, with the result of establishing by general recognition the following rules: (1) The expression of subject in the title of an ordinance is sufficient if it calls attention to the general subject of the legislation. (2) It is not necessary that the title refer to details within the general subject, nor those which may be reasonably considered as appropriately incident thereto. The crucial test of sufficiency of title is generally found in the answer to the question: Does the title tend to mislead or deceive the people or the council as to the purpose or effect of the legislation, or to conceal or obscure the same? If it does, then the ordinance is void; if not, it is valid." (28 Cyc. p. 379.)

The foregoing title meets the requirements of all these tests. The general subject of the ordinance is the granting of the franchise to construct, maintain, and operate an electric light and power plant. The statement of this purpose in the language of the title carries with it the suggestion that the ordinance gives to the grantee the right to use the streets and public grounds for that purpose, and it would occur to any one from the title that such was the object of the ordinance, for the granting of the right to construct and operate a light and power plant in fact conveys no other right than the right to use the streets and public grounds. Unless the grantee desires the use of the streets and public grounds, a franchise is not necessary; but it would be difficult, if not almost impossible, to construct and operate such a plant without the use of the streets and public grounds, and the right to do the former suggests the latter as a necessary incident thereto. The title in no way tends to mislead or deceive the people or council, and neither its effect nor its purpose is obscured or concealed by its terms. The title of an ordinance reciting that its object was to "grant certain rights and privileges to a certain telephone company" has been held sufficient to carry a grant of a right to use

the streets and alleys of the city for its lines. *State v. Nebraska Telephone Co.*, 127 Iowa, 194, 103 N. W. °120.

The judgment of the lower court is reversed, and the cause remanded.

All the Justices concur.