**DUNCAN ELECTRIC & ICE CO. v. CITY OF DUNCAN.**

No. 9117—Opinion Filed July 31, 1917.

(Syllabus by the Court.)

**1. Municipal Corporations—Powers—Street Obstructions.**

Under article 11 of chapter 10, Rev. Laws 1910, a city may prevent obstructions of the streets, provide for the removal of such obstructions, and prevent and abate nuisances.

**2. Same—"Nuisance"—What Constitutes.**

Under article 1 of chapter 51, Rev. Laws 1910, a "nuisance" may consist of an act which unlawfully interferes with, obstructs, or tends to obstruct any public park, square, street, or highway.

**3. Same—Nuisance—Declaration.**

A grant of power to a municipality to declare what shall constitute a nuisance and to remove same, while it does not empower the municipality to declare a thing a nuisance which is clearly not one, does empower it to declare anything a nuisance which by reason of its location or use, or local conditions and surroundings, may or does become a serious obstruction to the use of the streets for pub-

lic purposes, or is a nuisance within the common-law or statutory definition.

**4. Same.**

Where an obstruction of the public streets may or may not be a nuisance, depending upon its location or use, and the conditions existing in the municipality, thus requiring judgment and discretion in determining the matter, a determination of the question by a municipality having power to declare what shall be a nuisance, acting in good faith and in a reasonable manner, is conclusive upon the courts.

Kane and Hardy, JJ., dissenting.

Error from District Court, Stephens County; Cham Jones, Judge.

Action by the Duncan Electric & Ice Company against the City of Duncan, a municipal corporation. Judgment for defendant, and plaintiff brings error. Affirmed.

Bond & Kolb, John M. Young, and Charles Mitscrich, for plaintiff in error.

Bond, Melton & Melton and J. M. Sandlin, for defendant in error.

OWEN, J. This is an action, brought by plaintiff in error in the district court of Stephens county, for an injunction to restrain the defendant in error from removing certain electric light posts from the streets of the city of Duncan. The trial court denied the application for an injunction. Plaintiff in error brings the case here.

The plaintiff in error, under a franchise granted in 1902 by the city of Duncan, was authorized to erect poles, string wires, and erect other necessary electric appliances along the streets of the city. This franchise provided that the poles should be not less than 20 feet above ground when set. By section 6 of this franchise the city contracted with the light company for street lighting for a period of ten years. In 1911 a new contract for street lighting, for a period of five years, was made between the city and the grantee of the franchise, whereby, in lieu of the arc lamps provided for under section 6 of the franchise, there was to be installed a system of incandescent street lights to be erected on ornamental iron lamp posts 16 feet in length. Pursuant to this agreement, the light company installed iron posts on which it strung its wires, equipped the same with the necessary lights and fixtures, and furnished light for the streets during the term of the contract. During the year 1916 the city voted bonds and created a fund for the purpose of installing and equipping a municipal light plant for the purpose of lighting the streets. On May 1 1917, after notice from the city, the light company discon-

tinued these lights, but the iron posts and wires were left in place. In the erection of the municipal plant, the city desired to set its posts in the space occupied by these iron posts, and, by its council, passed a resolution declaring the posts of the light company a nuisance, and directed the same to be removed. The light company, after notice, refused to remove them. The city thereupon proceeded to remove the same.

Plaintiff in error contends that it had the right under the original franchise, after the expiration of the contract of February, 1911, to maintain these posts and to place its secondary wires thereon for the purpose of furnishing electric current for commercial purposes to the consumers throughout the city; that the city had no power to declare the posts a nuisance, or to remove them from the streets. With this contention we are unable to agree. These posts were not erected under the original franchise; neither did they conform to the requirements of that franchise. They were erected under the contract of February, 1911, providing for iron posts entirely different in length and character from the poles required by the terms of the franchise. This contract was for a term of five years, and in lieu of section 6 of the franchise which provided for arc lamps for lighting the streets.

It was contended on the part of the city that these posts are unsafe and unfit to carry the secondary wires to be used for furnishing current for commercial purposes. This contention was decided in favor of the city by the trial court upon a consideration of the evidence.

That cities have the power to declare and abate nuisances in this state is no longer an open question. Under section 589, Rev. Laws 1910, the council may prohibit and prevent all encroachments upon the streets of the city, and may provide for the removal of all obstructions at the expense of the persons placing the same there. Section 594 authorizes the city council to prevent and abate nuisances. Section 4250 of this statute defines a nuisance as any act which unlawfully interferes with, obstructs, or tends to obstruct any public park, square, street, or highway. Section 4251 defines a public nuisance as one which affects, at the same time, an entire community, neighborhood, or any considerable number of persons. Section 4260 provides that a public nuisance may be abated by any public body of officers, authorized thereto by law. Section 48 of the adopted charter of the city of Duncan empowers the board of city commissioners to condemn any structure it may consider dangerous to

the public health or safety of its citizens and to order the same torn down or abated.

The Criminal Court of Appeals, in a well-considered opinion by Judge Richardson in the case of In re Jones, after reviewing a number of authorities, held that municipal corporations in this state have the power to declare what shall constitute a nuisance, and the power to prevent the same; that under such a delegation of power a municipality may declare anything a nuisance which is so per se, or which by reason of its location, or on account of local conditions or surroundings, may or does become a nuisance, within the common-law or statutory definition thereof, and that a determination of the question by the municipality through its legislative body, is, under such a grant of power, conclusive upon the courts. 4 Okla. Cr. 74, 109 Pac. 570, 31 L. R. A. (N. S.) 548, 140 Am. St. Rep. 655.

This court, in the case of Cummings v. Lobsitz, 42 Okla. 704, 142 Pac. 993, L. R. A. 1915B, 415, held that a municipal corporation has the power under the common law, as well as under our statute, to abate a public nuisance, and, when it becomes necessary, may remove or destroy the object which constitutes the nuisance. In the case of Norman Milling & Grain Co. v. Bethurem, 41 Okla. 735, 139 Pac. 830, 51 L. R. A. (N. S.) 1082, this court held that a city has the power of control over its streets, including the places occupied by electric current wires. In the case of Pioneer Tel. & Tel. Co. v. State, 33 Okla. 724, 127 Pac. 1073, Mr. Justice Turner, delivering the opinion of this court, quoted with approval from the Supreme Court of Wisconsin in the case of State v. City, 111 Wis. 23, 86 N. W. 657, as follows:

"Construing the charter and the statute in the light of the rules of law stated, the city has authority to exercise its police power to protect the public from unnecessary obstructions, inconvenience, and danger, and to determine in what manner the relator may erect its poles so as to accomplish this result."

The Wisconsin court in that case cited the case of Michigan Tel. Co. v. Benton Harbor, 121 Mich. 512, 80 N. W. 386, 47 L. R. A. 104, in which it was held that the municipal authorities could regulate the location, kind of posts, abutments, and height of wires. In the case of Bartlesville Electric Light Co. v. Interurban Railway, 26 Okla. 453, 109 Pac. 228, 29 L. R. A. (N. S.) 77, Justice Hayes, speaking for this court, held that the right of an electric light company to use the streets of a city is dependent upon the consent of the city, and, when it uses the streets without that consent, it is guilty of maintaining a public nuisance.

The New York Court of Appeals, in the case of American Rapid Telegraph Co. v. Hess, 125 N. Y. 641, 26 N. E. 919, 13 L. R. A. 454, 21 Am. St. Rep. 764, had before it the question whether a grant to a telegraph company to string its line along and upon the streets of the city would be construed as an abdication of the police power over such streets to the extent that the city could not compel the removal of the poles and the placing of the wires underground. The court held that the granting of such franchise would not be so construed, and that, if the poles and wires became a serious obstruction or a nuisance, provision might be made for their removal, and the telegraph company might lawfuly be directed to remove its poles and place its wires underground; if after due notice they were not removed, the city might abate the nuisance by cutting them down; that this could not be construed as taking the property of the company, but a regulation of its franchise, and within the powers of the city in its control of the streets.

We are of the opinion that the city of Duncan, by granting the franchise, did not abdicate its power and control over the public streets, nor curtail its police power; nor did it absolve itself from its primary duty to maintain the streets and public places of the city in a safe and proper conditon for necessary street and highway purposes. The grant to the light company was made in reference to the streets and their proper maintenance and location as streets for the use of the public. When the contract of 1911 expired, and the posts and wires, erected under the terms of this contract, became a serious obstruction of the streets in the erection of the municipal light plant, the city had the power to declare same a nuisance, and to make such provisions as were reasonable and necessary to remove the obstruction and restore the utility of the streets for public purposes. When a city exercises its power, in good faith and in a reasonable manner, to declare an obstruction a nuisance and to order its removal, its action in so doing is binding upon the courts. When the light company failed and refused to comply with the notice of the city to remove this obstruction, which had been declared a nuisance, the city had a right, by its proper officers, to remove it. The trial court committed no error in refusing to enjoin the city from abating the nuisance by removing this obstruction.

The judgment of the lower court is therefore affirmed.

SHARP, C. J., and THACKER, BRETT, RAINEY, and MILEY, JJ., concur. KANE and HARDY, JJ., dissent. TURNER, J., absent, not participating.