SANDERS *et al.* v. CITY OF ATLANTA *et al.*

HILL, J.   1. The right to the use of the streets of a city is in the public, and any permanent obstruction thereof which materially impedes travel is a nuisance per se. 2 Elliott on Roads & Streets (3d ed.), § 828.

2. The obstruction of a street by so parking automobiles therein as to prevent free passage along the highway by the public desiring to use the street for passing and repassing thereon may become a nuisance. Berry on Law of Automobiles, § 64. See *Rider* v. *Porter*, 147 *Ga.* 760 (95 S. E. 284).

3. A city ordinance providing that "No taxicab, motorbus, hack, or other vehicle for hire shall park on any street within the fire limits of the City of Atlanta longer than to discharge or take on passengers, unless in actual service, except in front of railroad stations, and except that three taxicabs or hacks, for the exclusive use of the patrons of hotels, shall be allowed to park either in front or on the side of hotels where permission is obtained in writing from the proprietor of such hotel," and that "No hotel proprietor can give permission to park in front

of any place of business occupying the store on the ground floor facing the street," etc., and providing a fine not exceeding $50, or imprisonment on the public works not exceeding 30 days, either or both penalties to be inflicted at the discretion of the recorder for a violation of the ordinance, is valid as against the objection that it is unreasonable and confiscatory. See Berry on Automobiles, § 64; Pugh v. Des Moines, 176 Iowa, 593 (156 N. W. 892); Com. v. Fenton, 139 Mass. 195 (29 N. E. 653); Cohen v. New York, 113 N. Y. 532 (21 N. E. 700, 4 L. R. A. 406, 10 Am. St. R. 506).

4. Where certain owners and operators of taxicabs in the City of Atlanta, who had paid a license fee of $25 to the municipality for each vehicle operated and obtained a license for the right to operate their taxicabs in the city for hire (the rates for service having been fixed by the mayor and council), filed a petition against the city and the chief of police, alleging that the ordinance regulating the use of taxicabs was unreasonable and confiscatory, and that it denied to the plaintiffs equal protection of the laws, in that private citizens who paid no license-tax were permitted to park their cars, and prayed that the city and the chief of police be enjoined from enforcing the ordinance, etc., it was not error, under the pleadings and the evidence, to refuse an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 525. APRIL 11, 1918.

Petition for injunction. Before Judge Ellis. Fulton superior court. July 13, 1917.

*Gober & Jackson* and *W. I. Heyward,* for plaintiffs.

*J. L. Mayson* and *S. D. Hewlett,* for defendants.