### McGUIRE v. WILKERSON, Chief of Police.

No. A-4387.    Opinion Filed Oct. 2, 1922.
(209 Pac. 445.)

(Syllabus.)

1. **Habeas Corpus—Discharge of Prisoner Convicted upon Void Ordinance.** Habeas corpus will lie to discharge a prisoner restrained by his liberty by virtue of a conviction based upon a void ordinance.

2. **Municipal Corporations—Use of Streets as Place of Business Not Natural Right.** The use of the streets as a place of business, or as the instrumentality of business, is accorded as a mere privilege, and not as a matter of natural right.

3. **Municipal Corporations—Construction of Ordinance for Court —Ordinance Presumed Valid.** A valid ordinance stands on the same footing as a statute, and its construction is for the court. Whether or not an ordinance is reasonably necessary is committed in the first instance to the municipal legislative body, and the ordinance when passed is presumptively valid.

4. **Same—Ordinance Regulating Automobiles on Streets—Reasonableness.** A city having authority to pass reasonable regulations governing automobiles operated upon its streets for hire, the appellate court would not be authorized to declare the provisions of an ordinance regulating the use of the streets for such purpose unreasonable, unless they clearly appear to be so.

5. **Same—Constitutionality of Ordinance Regulating Parking of Automobiles on Streets.** For provisions of a city ordinance regulating the parking of automobiles and other vehicles, and limiting and providing a zone wherein automobiles, jitneys, and other vehicles conveying or transporting passengers for hire, and trucks and drays engaged in the business of hauling freight or merchandise for hire, shall not park, held not to deprive owners and operators of such vehicles of their liberty or property without due process of law, and not to be unreasonable and discriminatory, see body of opinion.

Application for habeas corpus of A. McGuire against W. R. Wilkerson, Chief of Police of the City of Pawhuska, Okla. Writ denied.

Petitioner, A. McGuire, applies for a writ of habeas corpus, alleging that he is unlawfully restrained by the above-named respondent, chief of police of the city of Pawhuska, Okla.; that the cause of said restraint is as follows: That petitioner was, on the 19th day of June, 1922, convicted in the police court of said city of a violation of sections 1 and 3 of Ordinance No. 36-M of the city of Pawhuska, and sentenced to pay a fine of $16 and $4 costs, and remanded to the custody of said respondent chief of police until said fine and costs were paid.

Petitioner alleges that said ordinance is void and without effect, in that it deprives him of liberty and of the use of his property without due process of law; that said petitioner was engaged in the business of transporting passengers by automobile for hire within and without the city of Pawhuska, Okla., and that said ordinance permits all persons owning and using automobiles, jitneys, trucks, and drays to park the

same and carry on their business and occupation in the district prohibited to those using such vehicles for hire; that said prohibited district, as defined by the ordinance, includes the entire business district of the city of Pawhuska, except two or three minor businesses carried on away from the business district on side streets; that if said ordinance is enforced against petitioner it will drive him from the business district of Pawhuska and compel him to park his cars and carry on his business in the residence district; that affiant carries on his business in an orderly, quiet, and peaceable manner, commits no nuisance, and molests no one by reason of his business; that the attempt to enforce Ordinance No. 36-M is for the sole purpose of depriving petitioner of his business and destroying the only means of transportation open to the public in the city of Pawhuska; that petitioner is one of several engaged in that line of business, and against whom the city is now attempting to enforce the ordinance; that on the 19th day of June, 1922, petitioner applied to the district judge of the Twenty-Fourth judicial district for a writ of habeas corpus, praying for his release from said restraint, but that upon a hearing said district judge discharged the writ and remanded petitioner to the custody of this respondent. Petitioner attaches to his petition a copy of the order of the district judge in said proceedings, also a copy of Ordinance 36-M.

As a return and answer to the writ, the respondent admits that he is chief of police of the city of Pawhuska, and that he has custody of the person of petitioner, and holds such custody by virtue of the authority of a commitment issued by the judge of the police court of said city on a conviction for a violation of Ordinance 36-M, and that the copy of the ordinance attached to the petition as an exhibit is a true and correct copy thereof; that said ordinance has been in full force and effect in said city since the 9th day of June, 1922; that

on the 17th day of June, 1922, petitioner herein was duly and regularly informed against for a violation of the terms and provisions of said ordinance, as evidenced by a copy of complaint attached to answer; that on the 19th day of June, 1922, petitioner was duly and regularly adjudged guilty of violating sections 1 and 3 of said ordinance, and fined $16 and costs, taxed at $4, and committed to jail until said fine and costs were paid, as appears by a transcript of the docket of the police court of said city, copy of which is attached to respondent's answer.

Further answering, respondent states that the area in said city in which automobiles and other motor vehicles engaged in the occupation of conveying passengers for hire is prohibited is limited to the congested district of said city, the location of said restricted area being shown upon a map, or plat of said city, which is attached to the answer; that as shown on said plat, Main street is 80 feet in width from property line to property line, Osage avenue is 70 feet in width from said lines, Ki-he-kah avenue is 70 in width from said lines, Sixth street is 80 feet in width from said lines; that upon each of said streets and avenues sidewalks on each side thereof extend 12 feet from the property line, leaving traffic ways on 80-foot streets 56 feet wide, and on 70-foot streets 46 feet wide, and at places such traffic ways are less than that; that the means of transportation in said city is almost exclusively by automobile or other motor vehicles, and that by reason thereof that the traffic on such streets and avenues, and the parking of such vehicles at the curb, results in practically a congestion of traffic on said streets and avenues, to the extent that the peace, comfort, health, and safety of the inhabitants of said city and those lawfully using its streets and avenues and traffic ways is endangered; that as a part of the plan to relieve such congestion, and to otherwise facilitate traffic on such

streets and avenues, the board of city commissioners enacted Ordinance No. 36-M, and the enactment of said ordinance was solely for the purpose of relieving traffic congestion in said restricted area, and not otherwise, and this, respondent is informed and believes, was without prejudice to petitioner or others engaged in operating automobiles, trucks, or other conveyances engaged in the business or occupation of conveying passengers for hire; that there are approximately 50 automobiles and other conveyances subject to the provisions of said ordinance, and that permanent parking and the operating of places of business within the congested district, being the restricted area as set out in the ordinance, has tended seriously to interfere with traffic on said streets and avenues, and is against the peace, health, comfort, and safety of the inhabitants of said city and others rightfully entitled to use the traffic ways of said streets and avenues; that the population of said city is approximately 9,000 inhabitants, and is steadily increasing; that it covers an area of approximately two square miles; that, as shown on the map or plat, the area restricted by the ordinance extends to a very small portion of the business section of said city; that a large number of desirable stands for those engaged in operating automobiles for hire, and being in the business district of said city, are not within the restricted area, for which reasons respondent is informed and believes that the provisions of Ordinance No. 36-M are reasonable, and not intended to, and do not, discriminate against petitioner or those engaged in a similar business, but said ordinance was enacted in good faith, for the sole purpose of promoting the peace, health, comfort, safety, and general welfare of the inhabitants of said city, and not otherwise.

The cause was submitted on the 23d day of June, 1922, at which time petitioner was enlarged on his own recognizance, pending final determination of the application.

L. P. Mosier, for petitioner.

E. E. Grinstead, City Atty., of Pawhuska, for respondent.

MATSON, J. (after stating the facts as above). This proceeding presents the question of the validity of Ordinance No. 36-M of the city of Pawhuska, Okla., effective June 9, 1922, especially sections 1 and 3 of said ordinance.

Said ordinance is entitled as follows:

"An ordinance regulating the parking of automobiles and other vehicles within the city of Pawhuska, Okla.; regulating, limiting and providing a zone therein in which automobiles, jitneys and other vehicles conveying or transporting passengers for hire within said city, or trucks or drays engaged in the business of hauling freight or merchandise for hire therein shall not be permitted to park; and providing a district therein in which the owner or driver of such automobile, truck, jitney or other vehicle engaged in the business or occupation of transporting or conveying or hauling passengers, freight or merchandise for hire, shall not park, solicit business or maintain a stand therein, and providing for necessary signs, markings, traffic regulations, and prescribing a penalty for a violation thereof," etc.

Sections 1, 2 and 3 of said ordinance read as follows:

"Section 1. That all automobiles, trucks and other vehicles, except as hereinafter provided, shall be parked at an angle of forty-five degrees, with the right front wheel touching the curb, on the following designated streets and avenues, and within the following described limits, in the city of Pawhuska, Oklahoma, to wit: Main street, between its intersection with the east line of Matthews avenue and its intersection with the west line of Leahy avenue; Osage avenue, north of its intersection with the north line of Fifth street; Ki-he-kah avenue, south of its intersection with the south line of Seventh street; and Sixth street, between its intersection with the west line of Leahy avenue and its intersection with the east line of Ki-he-kah avenue.

"Sec. 2. On all other streets and avenues not mentioned in section 1 of this ordinance, said automobiles, trucks and other vehicles shall park parallel with the curb.

"Sec. 3. No owner or driver of an automobile, truck or dray, jitney or other conveyance engaged in the business or occupation of conveying passengers or merchandise for hire to or from any place within or without the city of Pawhuska, Oklahoma, shall park, solicit business or maintain a stand either on the streets or avenues or on the sidewalks contiguous thereto within the limits prescribed in section 1 of this ordinance."

Then follow ten other sections prescribing methods of parking automobiles on various streets, prohibiting parking on certain sides of certain streets, providing for the direction traffic shall take on certain streets, repealing a certain other ordinance of said city, declaring an emergency, all of which provisions are not pertinent to the issues here presented.

No question is raised as to the power of the board of city commissioners of the city of Pawhuska to pass local legislation on the general subject embraced within the ordinance. On the presentation of the application for the writ, counsel for petitioner contended that the ordinance was void on two grounds: (1) That it deprived petitioner of his property without due process of law; and (2) that it was an unreasonable discrimination against the petitioner and those engaged in a similar occupation, and that therefore it is void as an unreasonable exercise of the police power.

Habeas corpus will lie to discharge a prisoner restrained of his liberty by virtue of a conviction based upon a void ordinance.

In re Unger, 1 Okla. Cr. 222, 98 Pac. 999.

"The streets and highways of the state belong to the public. They are built and maintained at public expense for

the use of the general public in the ordinary and customary manner. The state, and the city as an arm of the state, has absolute control of the streets in the interests of the public. * * * The use of the streets as a place of business or as a main instrumentality of business is accorded as a mere privilege and not as a matter of natural right." Hadfield v. Lundin, 98 Wash. 657, 168 Pac. 516, L. R. A. 1918B, 909, Ann. Cas. 1918C, 942.

The petitioner would have no vested right to use the streets for carrying on a private business as a common carrier, and the city has the power to regulate the operation of jitney busses over the streets. State v. Pitney, 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A, 209; Nolen v. Riechman (D. C.) 225 Fed. 812; Ex parte Sullivan, 77 Tex. Cr. R. 72, 178 S. W. 537; Rast v. Van Deman & Lewis Co., 240 U. S. 342, 36 Sup. Ct. 370, 60 L. Ed. 679, L. R. A. 1917A, 421, Ann. Cas. 1917B, 455; Desser v. Wichita, 96 Kan. 820, 153 Pac. 1194, L. R. A. 1916D, 246.

A valid ordinance stands on the same footing as a statute, and its construction is for the court. Berry on Automobiles (2d Ed.) § 68, p. 80.

Whether or not an ordinance is reasonably necessary is committed in the first instance to the municipal legislative body, and the ordinance when passed is presumptively valid. Berry on Automobiles (2d Ed.) § 69, p. 82.

In Swann et al. v. Baltimore City, 132 Md. 256, 103 Atl. 441, the Court of Appeals of the state of Maryland held a statute of that state "authorizing the board of police commissioners in the city of Baltimore to set aside and designate certain places therein to be occupied and used as public or private stands for hackney carriages, to stipulate the number which may occupy and use such stands, and make regulations for their occupation and use, and also providing a fine for vio-.

lating its provisions and regulations made by the board,'' to not deprive the owners and operators of such vehicles of their business or property without due process of law.

In Yellow Taxicab Co. v. Gaynor, 143 N. Y. Supp. 279 (82 Misc. Rep. 94), it is held:

''Parties maintaining hack stands in the streets under contracts with the owners or licensees of abutting property had no property rights in the streets within Const. N. Y. art. 1, § 6, and Const. U. S. Amends. 5 and 14, providing that no person shall be deprived of his property without due process of law, and hence an ordinance abolishing such hack stands was not invalid, since abutting owners could not, by their private contracts, confer any right upon the hackmen inconsistent with the right of the local authorities to regulate the business of hackmen and prescribe reasonable regulations as to the use of the streets.''

In Sanders et al. v. City of Atlanta et al., 147 Ga. 819, 95 S. E. 695, it is held:

''A city ordinance, providing that 'no taxicab, motor bus, hack, or other vehicle for hire shall park on any street within the fire limits of the city of Atlanta longer than to discharge or take on passengers, unless in actual service, except in front of railroad stations, and except that three taxicabs or hacks, for the exclusive use of the patrons of hotels, shall be allowed to park either in front or on the side of hotels where permission is obtained in writing from the proprietor of such hotel,' and that 'no hotel proprietor can give permission to park in front of any place of business occupying the store on the ground floor facing the street,' etc., and providing a fine not exceeding $50, or imprisonment on the public works not exceeding 30 days, either or both penalties to be inflicted at the discretion of the recorder for a violation of the ordinance, is valid as against the objection that it is unreasonable and confiscatory. See Berry on Law of Automobiles, § 64; Pugh v. Des Moines, 176 Iowa, 593, 156 N. W. 892, L. R. A. 1917F, 345; Com. v. Fenton, 139 Mass. 195, 29 N. E. 653; Cohen v.

New York, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506.''

In the case of Pugh v. City of Des Moines et al., 176 Iowa, 593, 156 N. W. 892, L. R. A. 1917F, 345, the Supreme Court of Iowa held an ordinance prohibiting the parking of automobiles between fixed times in the streets of a restricted area, but allowing them to stand not over 20 minutes while such vehicle is being loaded or unloaded, to be not invalid.

In City Cab Co. v. Hayden, 73 Wash. 24, 131 Pac. 472, L. R. A. 1915F, 726, Ann. Cas. 1914D, 731, it is said:

"The general power of municipalities to regulate and control the conduct of hackmen and others soliciting the privilege of carrying travelers from railroad depots to their place of destination cannot, we think, be successfully questioned. This the city must do in the interest of good order, public peace and safety.''

In the case at bar, the petition discloses no property rights which the petitioner would be unlawfully deprived of by the continued enforcement of the ordinance. Petitioner and others operating automobiles for hire in the city of Pawhuska have no property rights in the streets of that city that would be superior to the regulation adopted by the board of commissioners under its police power as delegated by the laws of this state. The city of Pawhuska having authority to pass reasonable regulations governing automobiles operated on its streets for hire, this court would not be authorized to declare the provisions of the ordinance here attacked unreasonable, unless it clearly appeared that they were so.

Numerous other cases from various states, construing ordinances and statutes regulating the operation of jitney busses and other automobiles used for hire over the public highways and streets, might be cited. But from what has heretofore been stated, and from the authorities above cited, we think it

sufficiently appears that the ordinance in question is not unreasonable, discriminatory, nor arbitrary, nor does it 'deprive petitioner of his liberty or property without due process of law.

The writ is denied, and petitioner remanded to the custody of respondent, chief of police of the city of Pawhuska.

DOYLE, P. J., and BESSEY, J., concur.