## WOOD v. CITY OF CHICKASHA et al.

No. 17125. Opinion Filed March 22, 1927.

Rehearing Denied June 21, 1927.

(Syllabus.)

**1. Nuisance—Poultry and Hide Business not Nuisance Per Se.**

A poultry and hide business is not a nuisance per se; whether it be a public nuisance depends upon its surroundings, the manner in which it is conducted. It may become a nuisance per accidens.

**2. Municipal Corporations—Power to Declare and Abate Nuisances.**

A municipal corporation of this state in the exercise of its police power delegated to it by chapter 67, Compiled Oklahoma Statutes, 1921, has authority by legislative act to declare what shall constitute a nuisance, and has power to abate the same.

**3. Same—Reasonableness of Ordinance—Determination by Courts.**

The extent of the power of the court in the proceedings at bar is limited to a determination as to whether the ordinance in question is, under the facts, unreasonable and arbitrary. Held, further, if such ordinance is not unreasonable or arbitrary, the determination by the mayor and city council

that the business as it existed was a menace to the health and safety and repose of the community, and a public nuisance, is conclusive upon the court.

## 4. Municipal Corporations—Use of Sidewalk for Business.

The use of a public sidewalk as an instrumentality of a business is accorded as a mere privilege and not as a matter of natural right.

## 5. Evidence—Parol Evidence Inadmissible to Prove Acts of Court.

The acts of a court of record are known by its records alone and cannot be established by parol testimony.

Error from District Court, Grady County; Will Linn, Judge.

Action by T. B. Woods against the City of Chickasha et al., to enjoin the enforcement of a nuisance ordinance. Judgment for defendants, and plaintiff brings error. Affirmed.

Bailey & Hammerly, for plaintiff in error.

Barefoot & Carmichael, for defendants in error.

RILEY, J. This action was instituted in the district court of Grady county by the plaintiff in error, Woods, against the city of Chickasha, for the purpose of enjoining the enforcement of municipal ordinance No. 889 of said city, which ordinance declared and provided for the abatement of a public nuisance, which nuisance as declared consisted of: (1) A platform or loading dock extending across and blockading the sidewalk adjacent to lot 14, block 31, in said city; and (2) the poultry and hide business conducted by T. B. Woods in and around a building located on lots 12, 13, and 14, block 31, of said city. The abatement provided in said ordinance was: (a) The removal of the platform or loading dock obstructing the sidewalk; (b) the closing and discontinuance of the poultry and hide business at such location, and the removal of the refuse from which the odor and stench was derived.

Woods petitioned that said ordinance was unreasonable, arbitrary, and discriminatory; therefore, void and unforceable. Upon final hearing the lower court dissolved a temporary restraining order theretofore granted, denied a temporary injunction, but permitted the judgment to be superseded pending filing of this appeal.

Upon appeal the plaintiff contends as follows:

First. The ordinance is arbitrary and unreasonable, and, therefore, void.

(a) For the reason the same is based upon an assumption of facts that the evidence clearly discloses to be false.

(b) The evidence discloses that the business of plaintiff is not detrimental or injurious to anyone, therefore not a nuisance.

(c) That the ordinance seeks to prohibit as distinguished from seeking to regulate a lawful and legitimate business.

Second. The ordinance is discriminatory, and, therefore, void.

We shall consider these assignments of error as grouped.

It is the law that if such an ordinance is arbitrary and unreasonable, it is void and unenforceable. Finkelstein v. City of Sapulpa, 106 Okla. 297, 234 Pac. 187. A municipal corporation of this state in the exercise of its police power has authority to declare by legislative act what shall constitute a nuisance, and power to abate the same. This power is derived by express grant from the state (chapter 67, C. O. S. 1921); and municipal corporations possessed power to summarily remove public nuisances under the common law. Ex parte Jones, 4 Okla. Cr. 74, 109 Pac. 570, 31 L. R. A. (N. S.) 548; Cummings v. Lobsitz, 42 Okla. 704, 142 Pac. 993.

In the case at bar, we cannot weigh the evidence and render judgment according to the weight thereof. This cause is not on the plane with the ordinary equity case. The city of Chickasha, by its mayor and city council, in enacting ordinance No. 889, determined the business of plaintiff as conducted to be a public nuisance. Such a determination is conclusive upon this court, for a city may declare anything a nuisance which is so per se, or which by reason of its setting or surrounding has become so. Calkins v. Ponca City, 89 Okla. 100, 214 Pac. 188.

Since, therefore, the city of Chickasha did not exceed its delegated authority in enacting the ordinance, the next question affecting its validity is whether it is arbitrary or unreasonable.

The record discloses evidence tending to show, and showing, about this business an offensive and disagreeable odor and stench constantly arising from the presence of fowls, blood, feathers, and green hides; that there were noises emanating from large numbers of chickens, turkeys. and other poultry kept in said place of business; that there were a number of people who at times worked at night; and that disagreeable odors and noises affected many people living in the immediate neighborhood. There was the testimony of a Mrs. Davis, who lived 75 feet east of the

building; a Mrs. Lookabaugh, who owned property north of the business, and who conducted a rooming house, and whose tenants threatened to leave on account of the stench and noise of this business. There was testimony of several eminent physicians, all of which tended to show that the business was conducted in such a manner as to endanger the health and safety of the people who lived in the neighborhood.

Certainly such evidence establishes at least a case where there might have been an honest difference of opinion as to whether such business was in fact a nuisance. If so, then the determination of that question by the mayor and city council in the enactment of the ordinance, if not arbitrary, is conclusive on this court. Duncan Electric & Ice Co. v. City of Duncan, 64 Okla. 211, 166 Pac. 1048.

We hold, therefore, that the ordinance of the city is not unreasonable and arbitrary.

Counsel in their argument cite Marland Refining Co. v. Hobart, 113 Okla. 36, 237 Pac. 857, in support of their contention. The writer dissented in that case, and does not now think that the same supports the contention herein. As to a supporting view, and based upon facts similar to the Hobart Case and later expressing this court under a set of facts where there was no question of injunctive relief as a mode of enforcing an ordinance which was admitted to be unenforceable by criminal prosecution because of an excessive penalty being provided in the ordinance (Ex parte Johnston, 20 Okla. Cr. 66, 201 Pac. 533, and Ex parte Bochmann, 20 Okla. Cr. 78. 201 Pac. 537), see Magnolia Ref. Co. v. Wright, 124 Okla. 55, 254 Pac. 41.

We now find ourselves under subhead (c) above: Must an ordinance regulate rather than prohibit a lawful and legitimate business? This contention is .not applicable to the case at bar, for if the business is a public nuisance per accidens, it is not by reason of that fact a lawful business. No one for a moment contends ordinarily that a poultry or hide business is a nuisance per se.

Plaintiff's counsel cite Weaver v. Kuchler, 17 Okla. 189, 87 Pac. 600, but that territorial case is not helpful, by reason of the facts therein. The action for injunction was based upon a statute providing for the abatement of a slaughter house as a nuisance per se where erected within certain distances of town sites. Therein the business existed long prior to the enactment of the general statute. The territorial court held the statute not applicable, the action not being brought by a proper person, but fully affirmed the trial court in restraining the defendants from operating their business so as "to create a nuisance."

Herein the ordinance does not undertake to destroy the business, nor the building in which it is located. It does require a discontinuance of the business as it existed at the location.

A junkyard is just as much a legitimate business as a poultry and hide house. See Finkelstein v. City of Sapulpa, supra. Indeed, to own property such as the plaintiff in error contended his was in Calkins v. Ponca City, supra, is not only legitimate, but desirable, but in that case, as in the one at bar, after the city commissioners by their legislative act declared the thing to be a public nuisance, it became thereafter, until abatement, unlawful.

By reason of the rule followed in the cases heretofore cited we see no merit in plaintiff's contention under subhead (c).

We pass to the contention numbered II, that the ordinance is discriminatory, and, therefore, void.

It is argued that the ordinance must fall because that diagonally across the street Daugherty-McDonald Wholesale Grocery Company maintains a loading dock "across the sidewalk for a distance of 165 feet" (p. 51, brief). The testimony and a photograph contained in the record shows that there is no sidewalk at the side of the wholesale grocery business where the loading dock is maintained. It's sidewalk on one side, it is the sidewalk area on the other. After the enactment of ordinance No. 889, plaintiff removed his loading dock or platform which had been declared with the business, as maintained, a nuisance. The trial court then held that the feature concerning the dock was thereby eliminated from the case. We think the trial court correct in this view. On page 53 of plaintiff in error's brief it is said:

"In fact the court suggested in his remarks that if the dock had not been removed after the enactment of the ordinance, such ordinance would have been enjoined because it discriminated."

A search of the record reveals no such remark of the court. We read the judgment; it is not there. Are we to permit the judgment of courts of record to be established by parol evidence? Indeed. can such a statement by counsel as to what the judgment was, or might have been, be considered as testimony? To both questions we emphatically say, "No."

In 7 R. C. L. 1018, it is said:

"The acts of a court of record are known by its record alone and cannot be established by parol testimony. Nor can the records of a court be impugned, upon matters within its jurisdiction, when offered in evidence, by counter evidence."

In order that there be no misunderstanding, we now say if the dock had not been removed after the enactment of the ordinance, under the facts and by reason of the following authority, we would not hold herein that the ordinance, by reason of the contention as to the dock or platform, was discriminatory and therefore void. The city of Chickasha had the power, and it was its duty to keep its sidewalks clear of permanent obstructions. Duncan Elec. & Ice Co. v. City of Duncan, supra; Bartlesville Elec. Light Co. v. Bartlesville Int. Ry., 26 Okla. 453, 109 Pac. 228; 29 Cyc. 1179; 20 R. C. L. 385; Brauer v. Baltimore Ref. & Heat. Co. (Md.) 58 Atl. 21; People ex rel. McCormick v. Western Cold Storage Co. (Ill.) 123 N. E. 43; Flynn v. Taylor (N. Y.) 28 N. E. 418; State v. Mayor of Jersey City (N. J. L.) 18 Atl. 586. In State ex rel. Ellis v. Mu'ligan (Mo. App.) 160 S. W. 9. it was held that such a dock in a wholesale district con-'stituted a nuisance. In McGuire v. Wilkerson. 22 Okla. Cr. 36, 209 Pac. 445, the court held:

"The use of the streets as a place of business, or as an instrumentality of business, is accorded as a mere privilege, and not as a matter of natural right."

Since we have adopted the view that the dock, or platform, as a contention went out of the case when plaintiff after the enactment of the ordinance removed his platform, and since we hold the ordinance not discriminatory. but valid and enforceable, the judgment of the learned trial court who so carefully, patiently, and correctly decided the issues, is in all things affirmed.

BRANSON. C. J., MASON. V. C. J., and HARRISON. LESTER, CLARK, HUNT, and HEFNER. JJ., concur. PHELPS, J.. dissents.

Note.—See under (1) 29 Cyc. p. 1165. (2) 28 Cyc. pp. 715, 753. (3) 28 Cyc. p. 715. (4) 28 Cyc. pp. 859 869 (Anno). (5) 15 C. J. p. 979. §404; 22 C. J. p. 1077, §1388. See under (1.2) anno. 32 A. L. R. 1356; 20 R. C. L. p. 389; 3 R. C. L. Supp. p. 1062: 5 R. C. L Supp. p. 1103: 6 R. C. L. Supp. p. 1210. (3) 19 R. C. L p. 805; 3 R. C. L Supp. p. 974; 4 R. C. L Supp. p. 1291: 5 R. C. L. Supp. p. 1047: 6 R. C. L. Supp. p. 1140 (4) anno 25 L. R A. (N. S ) 400: 19 R. C. L. p. 782. (5) 7 R. C. L p. 1018: 5 R. C. L. Supp. p. 433; 6 R. C. L Supp. p. 471.