## THE STATE *vs.* STEPHEN R. WIGHTMAN.

Second Judicial District, Norwich, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Under legislative authority empowering it to make ordinances " to regulate or prohibit the placing, erecting and keeping of signs, awnings, or other things upon or over the sidewalks, public streets, and highways " (11 Special Laws, p. 685), the common council of the city of New London passed an ordinance which forbade the placing or keeping of " any sign projecting over any street or sidewalk . . . unless the same shall be attached and parallel to the building and projecting not more than three feet therefrom." Upon a prosecution for a violation of this ordinance, it was *held* that the city had power under its charter to pass it; that it was not obnoxious to any constitutional provision ; that it was not so unreasonable and oppressive as to be void, nor was it void for uncertainty and ambiguity.

Argued April 28th—decided June 9th, 1905.

PROSECUTION for a violation of a city ordinance forbidding certain projecting signs over streets and sidewalks, brought to the Criminal Court of Common Pleas in New London

County and tried to the jury before *Noyes, J. ;* verdict and judgment of guilty, and appeal by the defendant. *No error.*

*Abel P. Tanner* and *William E. Joseph*, for the appellant (defendant).

*Hadlai A. Hull*, Prosecuting Attorney, for the appellee (the State) was stopped by the court.

TORRANCE, C. J. The charter of the city of New London empowers the common council of the city to make ordinances " to regulate or prohibit the placing, erecting, and keeping of signs, awnings, or other things upon or over the sidewalks, public streets, and highways." 11 Special Laws, p. 685. Under the power thus given, the common council made an ordinance which reads as follows : " No person shall place or keep any sign projecting over any street or sidewalk at a height less than eight feet above the same, nor unless the same shall be attached, and parallel to the building, and projecting not more than three feet therefrom." A violation of this ordinance is made a misdemeanor punishable by fine " of not less than five nor more than thirty dollars."

The complaint charged that the defendant, for a period named therein, " did keep a certain sign projecting over the street in said city known as State Street, and over the sidewalk in said city and on said street, which said sign was in front of and attached to the building on said street known as number 114 on said street, and which said sign was not parallel with said building, and projected more than three feet therefrom." Upon the trial below the State offered evidence to prove, and claimed to have proved, the following facts : Between the first of January, 1904, and the first of April, 1904, the accused was carrying on business in a store on the south side of State Street in New London. Said street is the chief business thoroughfare in New London and is almost solidly built upon each side, and only the side of the building abutting on State Street is in view from that

street. The defendant during said time kept and maintained a sign in front of his store, which projected from the building at right angles to the front thereof for a distance of about eight feet over the sidewalk on said State Street. Said sign consisted of two parts, the upper part being a board about six feet long and eighteen inches wide attached to the building by braces and rods, and the lower part, hanging from the board, consisting of wire netting forming a shield; and said sign had upon it the name and business of the accused. The lower edge of said sign was about twelve feet above the sidewalk, and said sign was about seven feet long and four feet wide.

The defendant offered evidence to prove, and claimed that he had proved, that he constructed said sign at a cost of about $200, that it in no way obstructs the use of said street, and is securely fastened to the building; that "said sign is an ornament to the street and beneficial to the public in directing purchasers of wares kept by the accused to said store, and in lighting said street."

The defendant requested the court, among other things, to charge in substance, that the ordinance was void for uncertainty and ambiguity; that the city had no power to pass it; that it was unreasonable, unjust and oppressive; and that it was invalid and void as being in contravention of certain sections of the Constitution of this State and of the Constitution of the United States. The court did not so charge.

The court charged the jury that the city had power under its charter to pass the ordinance in question, and that its provisions were not obnoxious to any constitutional objection; and about the correctness of this part of the charge we think there can be no question.

Upon the claim that the ordinance was unreasonable, unjust and oppressive, the court said: "Signs projecting over sidewalks possess the element of danger to the travelling public. Where the legislature confers upon a municipal corporation power to regulate signs over highways, it is competent for such corporation to prescribe the height and

the distance from the building at which they may be placed. The distances prescribed in this ordinance are not, in my opinion, unreasonable." The court told the jury that the ordinance was "not so unreasonable or oppressive as to be void"; and we see no error in this part of the charge.

Upon the claim that the ordinance was void for uncertainty and ambiguity, the court charged as follows : " It is also claimed by the accused, that the ordinance is void for uncertainty and ambiguity. It is · urged that the word ' parallel ' in the ordinance has no definite meaning in the connection in which it is used. This claim, however, I think is not well founded. While the ordinance is penal in its nature and must be construed strictly, there is no difficulty, in my opinion, in determining its meaning from the language used. The words, ' No person shall place or keep any sign projecting over any street or sidewalk . . . unless the same shall be attached and parallel to the building,' mean that no person shall place or keep any sign projecting over any sidewalk unless such sign shall be attached to the building and shall be parallel to the side of the building along which the sidewalk runs." This was correct.

The reasons of appeal are based wholly upon alleged errors of the court in charging as it did and in refusing to charge as requested by the defendant, and we think the trial court did not err either in charging or refusing to charge as it did.

There is no error.

In this opinion the other judges concurred.