(December 29, 1922.)

PHILLIP MOORE, for Himself and All Other Taxpayers of the Village of Ashton, Who are Similarly Situated, Appellant, v. THE VILLAGE OF ASHTON, a Municipal Corporation, H. J. HOLLINGSWORTH, H. G. FULLER, W. L. ROBINSON, E. CUNNINGHAM, WILLIAM SMUIN, as Trustees of the Said Village of Ashton, Respondents.

[211 Pac. 1082.]

PENAL ORDINANCE—REPEAL — BAR TO PENDING PROSECUTION—LEGISLATIVE ORDINANCE—MOTIVES OF LEGISLATOR—INQUIRY INTO BY COURT —DISQUALIFICATION OF LEGISLATOR.

1. In the absence of a statute or ordinance to the contrary, the repeal of a penal ordinance is a bar to pending prosecutions for violation of it.

2. Courts cannot inquire into the motives of members of the legislative body of a municipality in enacting an ordinance of a legislative character. To the contrary when it is ministerial or administrative.

3. Courts cannot prescribe a rule disqualifying legislators from voting on ground of personal interest.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action to annul and enjoin the enforcement of a village ordinance. Judgment for defendants. *Affirmed.*

Wilkie & Wilkie, for Appellant.

Courts may annul municipal legislation, when not enacted in good faith, in the public interest alone, and designed to enable the corporation to perform its true function as a local government organ, or when the members of the municipal legislative body enacting the legislation are actuated by corrupt motives, or personal interests, pecuniary or otherwise, or where they have a direct personal interest in the matter not common to all the other taxpayers as a whole. (2 McQuillin, Mun. Corp., secs. 645, 704; 28 Cyc. 375, 376, par. 10; 377, par. 11; 382, par. 2; Dillon, Mun. Corp., sec. 230; *Kansas City v. Hyde,* 196 Mo. 498, 515, 96 S. W. 201, 7 L. R. A., N. S., 639; *Davis v. New York,* 8 N. Y. Super. Ct. 451; *Shinkle v. City of Covington,* 83 Ky. 420; *Soon Hing v. Crowley,* 113 U. S. 703, 5 Sup. Ct. 730, 28 L. ed. 1145; *In re L'Abbe,* 7 Ont. L. R. 230, 3 Ont. W. R. 162; *Re Baird and Village of Almonte,* 41 U. C. Q. B. 415; *Jolly v. Pittsburg Ry. Co.,* 16 Pa. C. C. Rep. 1.)

Thos. B. Hargis and C. Redman Moon, for Respondents.

Courts will not inquire into the motives of legislative bodies in the enactment of legislation. (2 McQuillin, Mun. Corp., sec. 703; *Soon Hing v. Crowley,* 113 U. S. 703, 5 Sup. Ct. 730, 28 L. ed. 1145; *Gardiner v. Bluffton,* 173 Ind. 454, Ann. Cas. 1912A, 713, 89 N. E. 853, 90 N. E. 898; *In re Smith,* 143 Cal. 368, 77 Pac. 180; *Wood v. Seattle,* 23 Wash. 1, 62 Pac. 135, 52 L. R. A. 369; *Bennett v. Pulaski* (Tenn. Ch.), 52 S. W. 913, 47 L. R. A. 278; *Swan v. Indianola,* 142 Iowa, 731, 121 N. W. 547; *Wright v.*

*Kelley,* 4 Ida. 624, 43 Pac. 565; *Ligare v. Chicago,* 139 Ill. 46, 32 Am. St. 179, 28 N. E. 934.)

In passing ordinances, a common council acts under delegated authority as an inferior legislative body. (*People v. Gardner,* 143 Mich. 104, 106 N. W. 541; *Paine v. Boston,* 124 Mass. 486; *People v. Gibbs,* 186 Mich. 127, Ann. Cas. 1917B, 830, 152 N. W. 1053; *Ex parte Sumida,* 177 Cal. 388, 170 Pac. 823; 19 R. C. L., sec. 197, p. 898; 28 Cyc. 375.)

McCARTHY, J.—This is an action brought to obtain a judgment annulling and enjoining the enforcement of a certain ordinance of the respondent village adopted by the votes of the individual respondents as its trustees. The complaint alleges that there was in effect in said village an ordinance known as ordinance No. 36 which imposed a license or occupation tax upon practically all lines of business, made it a misdemeanor for any person to carry on any business enumerated without paying a license tax, and provided for a fine as penalty, with imprisonment upon failure to pay the fine. It further alleges that on November 13, 1919, the individual respondents, H. J. Hollingsworth, H. G. Fuller and W. L. Robinson, were charged, by complaint filed in the justice's court, with a violation of said ordinance, as were also the First National Bank of Ash.,on, of which respondent E. Cunningham was a director, and the Consolidated Wagon and Machine Company, of whi..n respondent William Smuin was general manager. It further alleges that on November 18, 1919, while all of said cases were pending, the individual respondents, acting as trustees of said village, passed and approved an ordinance known as No. 89 repealing the said license tax ordinance No. 36 without a saving clause, for the avowed purpose of preventing the further prosecution of the said actions then pending. As a foundation of his right to bring this action appellant alleges that he is a resident taxpayer and elector of said village, and that there is a large amount

of money due it under the said license tax ordinance which can be collected by its enforcement.

A general demurrer interposed by the respondents to this complaint was sustained by the court, and a judgment of dismissal entered upon appellant's failure to amend. From this judgment the appeal is taken.

At common law the repeal of a penal statute was a bar to a pending prosecution of an offense committed before the repeal. (Endlich on Interpretation of Statutes, secs. 478, 479.) By the unanimous weight of authority in this country this rule still obtains unless otherwise provided by statute. The same rule also obtains as to municipal ordinances unless otherwise provided by a statute or by the repealing ordinance. (28 Cyc. 384, note 63; *Spears v. Modoc County,* 101 Cal. 303, 35 Pac. 869; *City of Sonora v. Curtin,* 137 Cal. 583, 70 Pac. 674; *Barton v. Gadsden,* 79 Ala. 495.) Our code does not contain a contrary provision as to municipal ordinances, although it does as to statutes. (C. S., sec. 116.) Ordinance No. 36 does not contain a saving clause as to pending prosecutions. Therefore, if ordinance No. 89 is valid, it raises an effective bar to the continued prosecution of the actions against respondents, and the corporations in which some of them are interested. Appellant contends that the alleged motive of respondents makes ordinance No. 89 null and void.

In 2 Dillon on Municipal Corporations, 5th ed., sec. 580, p. 914, the author says:

"Sec. 580. It is well settled that the judicial branch of the government cannot institute an inquiry into the motives of the legislative department in the enactment of laws. Such an inquiry would not only be impracticable in most cases, but the assumption and exercise of such a power would result in subordinating the legislature to the courts. In analogy to this rule it is doubtless true that the courts will not, in general, inquire into the motives of the council in passing ordinances. But it would be disastrous, as we think, to apply the analogy to its full extent. Municipal bodies, like the directories of private corpora-

tions, have too often shown themselves capable of using their powers fraudulently, for their own advantage or to the injury of others. We suppose it to be a sound proposition that their acts, whether in the form of resolutions or ordinances, may be impeached for fraud actually consummated at the instance of the municipality defrauded and perhaps at the instance of persons injured thereby.''

If the learned author meant by this that, in passing upon the validity of municipal legislation, courts may inquire into the motives of the legislative body, he is not borne out by the great weight of authority. The prevailing rule is that, in passing upon municipal ordinances which are legislative in character, as distinguished from administrative or ministerial, the courts cannot inquire into the motives of the legislative body, any more than in the case of legislation by the state. This is well stated in an opinion of the supreme court of the United States by Mr. Justice Field in a case involving the validity of an ordinance of the city of San Francisco.

''And the rule is general with reference to the enactments of all legislative bodies that the courts cannot inquire into the motives of the legislators in passing them, except as they may be disclosed on the face of the acts, or inferable from their operation, considered with reference to the condition of the country and existing legislation. The motives of the legislators, considered as the purposes they had in view, will always be presumed to be to accomplish that which follows as the natural and reasonable effect of their enactments. Their motives, considered as the moral inducements for their votes, will vary with the different members of the legislative body. The diverse character of such motives, and the impossibility of penetrating into the hearts of men and ascertaining the truth, precludes all such inquiries as impracticable and futile.'' (*Soon Hing v. Crowley,* 113 U. S. 703, at 710, 5 Sup. Ct. 730, 28 L. ed. 1145.)

To the same effect see: *Douglass v. Greenville,* 92 S. C. 374, 75 S. E. 687, 49 L. R. A., N. S., 958; *In re Smith,*

143 Cal. 368, 77 Pac. 180; *Ex parte Sumida,* 177 Cal. 388, 170 Pac. 823; *People v. Gardner,* 143 Mich. 104, 106 N. W. 541; *People v. Gibbs,* 186 Mich. 127, Ann. Cas. 1917B, 830, 152 N. W. 1053; *Paine v. Boston,* 124 Mass. 486; *State v. Gates,* 190 Mo. 540, 89 S. W. 881, 2 L. R. A., N. S., 152; *Swan v. City of Indianola,* 142 Iowa, 731, 121 N. W. 547; *Borough of Freeport v. Marks,* 59 Pa. St. 253; *Villavaso v. Barthet,* 39 La. Ann. 247, 1 So. 599; 2 McQuillin on Municipal Corporations, p. 1528, sec. 703, note 78.

The rule as above stated is limited to purely legislative acts of a municipality, and does not apply to acts in the exercise of its ministerial or administrative powers. (2 McQuillin on Municipal Corp., sec. 704.) This distinction must be borne in mind in considering the cases cited by appellant's counsel. In *Davis v. New York,* 8 N. Y. Super. Ct. (1 Duer) 451, the ordinance in question was one granting an easement to a railroad company to lay its tracks in certain city streets. The court held that a court of equity could consider the motives of the common council. The ordinance, however, was of an administrative or contractual character rather than legislative. In *Burke v. Coatesville Borough,* 18 Pa. Dist. Ct. 491, it was held that an ordinance annexing certain property to the borough was invalid because four of the seven councilmen who adopted it were stockholders in a company that owned a portion of the territory sought to be annexed. The court held that their personal interest made it a legal fraud for them to vote upon the issue and invalidated the ordinance. This ordinance also was of an administrative rather than a legislative character. In *Jolly et ux. v. Pittsburg etc. Ry. Co.,* 16 Pa. Co. Ct. Rep. 1, it was held that an ordinance giving the consent of a borough to the use of its streets by a street railway is invalid if the members of the council who voted for the ordinance were stockholders or otherwise interested in the railway company. Here again the ordinance was administrative rather than legislative. In *Re L'Abbé,* 7 Ont. Law Rep. 230, the Canadian court held that a member of a municipal corporation is disqualified from voting

in the council upon any subject in which he has a personal or pecuniary interest distinguished from that which he has as a ratepayer in common with other ratepayers, and a by-law was quashed because carried by the casting vote of one who was mortgagee of property likely to be affected by it. The court said that the same rule should apply as applies to judges and magistrates, and a member of a municipal legislative body is disqualified to vote on any matter which may affect him individually. The by-law in question was an administrative measure rather than legislative, being one to reduce the number of liquor licenses, but the language used by the court would apply to legislative ordinances. In *Kansas City v. Hyde,* 196 Mo. 498, 113 Am. St. 766, 96 S. W. 201, 7 L. R. A., N. S., 639, the court said:

"A person injuriously affected by an ordinance may show that its passage was obtained by fraud or other unlawful means or for an unlawful purpose and the fraud which will invalidate an ordinance is shown by proof of fraud, defined to be the wilful doing of an unlawful act." The ordinance in question was clearly an administrative one, being an ordinance to condemn land for the extension of a street. Moreover, the language above quoted is clearly *dictum,* for a consideration of the entire opinion shows the ground of the decision to have been, not fraud perpetrated in the passage of the ordinance, but the fact that the land was sought to be condemned for private and not for public purposes.

In certain other decisions it is intimated that a court may set aside an ordinance as invalid for fraud and in so doing may consider the motives of the members of the municipal council. Such a statement is found in *Glasgow v. City of St. Louis,* 107 Mo. 198, 17 S. W. 743. It is, however, *dictum* and the only authority cited is the above quotation from Dillon. The ordinance in that case was plainly administrative, being one to vacate a portion of a street. Again, in *Knapp etc. Co. v. St. Louis,* 156 Mo. 343, 56 S. W. 1102, the court uses similar language, citing

the same authority. Here again the ordinance was administrative, being one vacating a street. In *Wood v. City of Seattle*, 23 Wash. 1, 62 Pac. 135, 52 L. R. A. 369, the court said: "Indeed, if the power to declare an ordinance which is valid upon its face invalid, because of the motives of the members of the council who voted for it rests with the courts at all, it does so only in those cases where actual fraud is shown." The ordinance in question was an administrative one relating to the granting of a street railway franchise. In *Shinkle v. City of Covington*, 83 Ky. 420, the court says: "We see no reason why the validity of an ordinance may not be assailed on the ground of fraud." The ordinance was one making it a crime to unlawfully hold exclusive possession of property belonging to the city and was therefore legislative in character. The expression of the court therefore sustains appellant's contention. In *People v. Cregier*, 138 Ill. 401, 28 N. E. 812, the court says: "In the absence of any charge of fraud a village ordinance is not subject to attack on account of the motives of the trustees in passing it." The ordinance in question was administrative in character, being one prohibiting the issuance of liquor licenses in certain territory which had been annexed to the city. In *Barhite v. Home Tel. Co.*, 50 App. Div. 659, 63 N. Y. Supp. 659, the court says that an ordinance may be set aside where fraud is charged and clearly proved. The ordinance, however, was clearly administrative, involving a contract between the city and a telephone company.

The very great weight of authority supports the rule that the motives of the members of a municipal legislative body cannot be considered by the courts in passing upon the validity of a legislative ordinance. The only judicial expressions we have found to the contrary are those in *Re L'Abbé* and *Shinkle v. Covington, supra*. On the other hand, a different rule applies to ordinances of purely administrative character such as those involving contracts and dealing with property of the city. These are subject to scrutiny by the courts in the same way and to much the

same extent as similar acts on the part of individuals. It is a difficult matter to make a general distinction between legislative ordinances and those which are not legislative. The following expressions by courts are helpful in this connection:

"The ordinance is clearly general and legislative in its character and scope. It does not purport to enter into a special contract with, or confer any franchise upon, any individual or body, or combination of individuals. Hence, in this connection, the members of the city council are entitled to the same privileges and prerogatives which belong to members of a state legislature." (*Villavaso v. Barthet,* 39 La. Ann. 247, 1 So. 599, at 607.)

"The power to legislate conferred to the city by its charter has reference to its authority to legislate for governmental functions, such as passing and enforcing ordinances to govern itself and others, under what is known as its police power; and it is distinct from the power to contract, which is similar in its effects to the right of contracting as exercised by natural persons." (*New Orleans etc. Co. v. City of New Orleans,* 42 La. Ann. 188, at 192, 7 So. 559.)

Without attempting to lay down a hard-and-fast rule for distinguishing between legislative and ministerial or administrative ordinances, suffice it to say that ordinance No. 36 was clearly legislative, being one to raise revenue for the municipality by levying an occupation tax or license. It follows that the repealing ordinance No. 89 was also legislative. Being purely legislative in its character, we conclude that the court has no power to set it aside on account of the motives of those who passed it.

There is no statute of this state and there was no ordinance of the village of Ashton disqualifying respondents from acting as trustees in passing upon this ordinance. We conclude that the courts have no power to lay down a rule which would disqualify them and are unwilling to follow the Canadian court in that respect. It may very well be that courts can and should hold, irrespective of statute, that

personal interest disqualifies a judge and renders his judgment voidable if not void. But to hold, in the absence of statute, that personal interest disqualifies a legislator from acting as such, and makes void legislation passed by the aid of his vote, seems to us to be an unwarranted encroachment on the rights and powers of a co-ordinate branch of the government, and entering a field which cannot fail to be productive of harmful conflict between the two bodies. Nor, in this connection, do we see any valid ground for distinguishing between the acts of a state legislature and of a municipal legislative body deriving its power from the state legislature pursuant to the constitution.

The judgment is affirmed, with costs to respondents.

Dunn and Lee, JJ., concur.