OSCAR P. GUSTAFSON COMPANY v. CITY OF
MINNEAPOLIS AND ANOTHER.[1]

May 26, 1950.

No. 34,824.

[1]Reported in 42 N. W. (2d) 809.

*Donald O. Wright,* for appellant.

*John F. Bonner,* City Attorney, and *Palmer B. Rasmusson,* Assistant City Attorney, for respondents.

MAGNEY, JUSTICE.

The trial court denied plaintiff's motion for a restraining order or temporary injunction and sustained separate demurrers to the complaint. Plaintiff appeals. Defendants interposed the demurrers on the ground that the facts alleged in the complaint were insufficient to constitute a cause of action.

The complaint sets out the following facts: That plaintiff is the owner and operator of a retail jewelry and optical business at 410 Nicollet avenue in Minneapolis; that under the terms of the lease to the premises he had a right to hang and display an advertising sign over the sidewalk in front of the building in accordance with the regulations of the city then in force; that in 1945 he constructed a sign extending from the building and over the sidewalk; that the sign was constructed and erected in a safe manner and is not an interference with pedestrian or vehicular traffic; that it is firmly attached to the building and is in no manner a hazard to the safety of the public; that it does not in any manner interfere with the right of any person with respect to light and air; that on or about June 27, 1947, the common council of the city adopted an ordinance by the terms of which plaintiff was required to remove the sign from the building; that the ordinance attempts to prohibit the maintenance of said sign and all similar overhanging signs on Nicollet avenue between Third and Twelfth streets; that the ordinance was not adopted for the purpose of reasonably protecting

the public safety, the public morals, or the public health, but was adopted solely for esthetic reasons; and that it made no provision for compensation to plaintiff and is in violation of constitutional provisions. Plaintiff asked judgment restraining and enjoining defendants, the city of Minneapolis and John E. Nelson, inspector of buildings of said city, from proceeding under the terms of the ordinance, and adjudging and decreeing that said ordinance is void and of no effect. Defendants demurred to the complaint. In its complaint, plaintiff asserts that it had a vested right to maintain the sign over the sidewalk. In its brief in this court such claim is abandoned.

Minneapolis City Charter, c. 4, § 5, provides:

"The City Council shall have full power and authority to make, ordain, publish, enforce, alter, amend or repeal all such ordinances for the government and good order of the city, * * * as it shall deem expedient, and in and by the same to declare and impose penalties and punishments, and enforce the same against any person or persons who may violate the provisions of any ordinance, passed and ordained by it, and all such ordinances are hereby declared to be and to have the force of law. Provided, that they be not repugnant to the laws of the United States or of this State, and for these purposes the said City Council shall have authority by such ordinances:

* * * * *

"Sixth.—To prevent the encumbering of streets, sidewalks, * * * with * * * awnings, or any other materials or substances whatever.

* * * * *

"Twenty-eight.—To remove and abate any nuisance, obstruction or encroachment upon the streets, alleys, public grounds and highways of the city."

Chapter 8, § 1, of the charter provides in part as follows:

"The City Council shall have the care, supervision and control of all highways, streets, alleys, public squares and grounds within the limits of the city, * * *."

On June 27, 1947, the city council passed the following ordinance:

"3004.51. From and after the first day of September, 1947, no person, copartnership, firm or corporation shall place, keep, use or maintain upon Nicollet avenue, from 3rd street to 12th street south, any sign which overhangs any sidewalk, street, alley or public place within said area.

"From and after said date, no person, copartnership, firm or corporation shall build, use, keep or maintain any sign whatever in the above described area, except signs that are placed flat against a building, no part of which project more than one foot from the building.

"Between the effective date of this ordinance and September 1, 1947, every person, copartnership, firm or corporation owning, using, keeping or maintaining any such overhanging sign in the aforesaid area, shall remove the same or cause the same to be removed; * * *."

As can be seen from the above-quoted sections of the charter, the city council of Minneapolis has been given control of the streets and sidewalks and the power to abate nuisances, obstructions, or encroachments thereon.

In Ober v. City of Minneapolis, 179 Minn. 495, 500, 229 N. W. 794, 796, this court quoted with approval from Wood v. McGrath, 150 Pa. 451, 456, 24 A. 682, 683, 16 L. R. A. 715, as follows:

"* * * The streets and alleys of cities, towns and boroughs are under the control and direction of these municipalities, and they have all the power over them that can lawfully exist. * * * and no private interest in, or ownership of, the subsoil is permitted to interfere with the free use of both the surface and the subsoil by the municipal authorities or by their delegated substitutes."

In State v. Wong Hing, 176 Minn. 151, 154, 222 N. W. 639, 640, an ordinance regulating the height at not less than ten feet above the level of the sidewalk of commercial signs was held not unrea-

sonable. Nor was the ordinance held unreasonable because it might apply to signs located in residential or outlying districts of the city. We said:

"* * * One purpose of the section is to safeguard public travel on streets and sidewalks. It is a police regulation for that purpose. Its operation is localized by confining it to public property where there are sidewalks or public ways over which the sign extends. So far as this section of the ordinance is concerned, it has no application to signs erected wholly on private property, but only to such as project into or over public ways. That is a sufficient limitation. It cannot be held unreasonable to require such signs to be not less than ten feet above the level of the sidewalk. Nor is the section unreasonable or invalid because it may apply to signs located in residential or outlying districts of the city. A sign projecting over a sidewalk or public way in an outlying district carries with it the same hazard and inconvenience to travel as if in a congested business section, although, because travel may there be much less, the chances of mishaps are less frequent."

The court in the above case recognized the hazard of a sign projecting over a sidewalk or public way, and that one purpose of the regulatory ordinance was to safeguard public travel on streets and sidewalks.

Plaintiff admits that the city council may regulate signs overhanging sidewalks. Its contention is that, although the city council has the power to regulate overhanging signs, it has no power to prohibit such signs or order signs already erected to be removed.

The ordinance which is being attacked does not prohibit signs absolutely. It does permit signs that are placed flat against the building, no part of which may project more than one foot from the building, thus permitting an encroachment into the space above the public sidewalk of one foot. Thus it can be considered a mere regulatory measure, which it in fact is.

But assuming that the ordinance be considered a prohibition, as plaintiff claims, and not a regulation, the question to be considered

and determined is whether the city has the legal right to bar absolutely overhanging signs.

In view of the fact that the city council is specifically given full authority to prevent the encumbering of streets and sidewalks and to remove and abate any nuisance, obstruction, or encroachment upon the streets, alleys, public grounds, and highways, as far as the city charter goes, the city council had all the authority necessary to adopt the challenged ordinance. If, in addition thereto, in the exercise of that authority in furtherance of public safety and well being within its police powers it adopted the ordinance in question, we find no basis for holding it in violation of any constitutional provisions. Considerations of safety to users of sidewalks and streets and considerations of obstruction to light and view suffice as a legal basis for the enactment. The following authorities are in accord with this view: City of St. Louis v. St. Louis Theatre Co. 202 Mo. 690, 100 S. W. 627; State v. Wightman, 78 Conn. 86, 61 A. 56; Preferred Tires, Inc. v. Village of Hempstead, 173 Misc. 1017, 19 N. Y. S. (2d) 374; Yale University v. City of New Haven, 104 Conn. 610, 134 A. 268, 47 A. L. R. 667; City of New Orleans v. Pergament, 198 La. 852, 5 So. (2d) 129; 1426 Woodward Ave. Corp. v. Wolff, 312 Mich. 352, 20 N. W. (2d) 217; Annotations, 72 A. L. R. 473 and 156 A. L. R. 585. In State ex rel. Beery v. Houghton, 164 Minn. 146, 151, 204 N. W. 569, 570, 54 A. L. R. 1012, we said:

"Finally, the exercise of the police power is legislative. Its policy is not for the courts. Only when its exercise unconstitutionally affects personal or property rights do the courts take cognizance; and it is presumed that the legislative body investigated and found conditions such that the legislation which it enacted was appropriate."

In the complaint, plaintiff avers that the ordinance was adopted solely for esthetic reasons, and it contends that such ground is insufficient for validity. The motives of members of a council in the enactment of an ordinance of a strictly legislative nature cannot be judicially inquired into for the purpose of affecting the validity

of such ordinance, except as the motive of the council may be disclosed on the face of the particular act in question or by reference to general existing conditions or other legislative acts. State ex rel. Minnesota Ry. Const. Co. v. City of Lake City, 25 Minn. 404; Higgins v. Lacroix, 119 Minn. 145, 137 N. W. 417, 41 L. R. A. (N. S.) 737; State ex rel. Rose Brothers L. & S. Co. Inc. v. Clousing, 198 Minn. 35, 268 N. W. 844; 4 Dunnell, Dig. & Supp. § 6775; 37 Harv. L. Rev. 274.

Although the motive of the city council in adopting the challenged ordinance, under the rule above stated, is no concern of ours, it is reasonable to assume that, in addition to other motives, an esthetic one motivated the council. It is common knowledge that cities throughout the country are prohibiting overhanging signs, with resulting improvement in the appearance of the streets involved. An overhanging sign, for instance, extending over every 25-foot store front along a retail street would be an obstruction to light and view and would have potentialities of danger. It would also blight the whole street. A battery of such signs would not only be offensive to the eye, but would also have a detrimental influence on real estate values.

In State ex rel. Twin City B. & I. Co. v. Houghton, 144 Minn. 1, 20, 174 N. W. 885, 176 N. W. 159, 162, 8 A. L. R. 585, decided over 30 years ago, the validity of the statute which authorized cities of the first class to establish restricted residence districts was involved. The court divided 3 to 2 and the statute was held valid. In the majority opinion, the late Mr. Justice Holt made the following observation:

"* * * It is time that courts recognized the aesthetic as a factor in life. Beauty and fitness enhance values in public and private structures."

In Murphy, Inc. v. Town of Westport (1944) 131 Conn. 292, 297, 40 A. (2d) 177, 179, 156 A. L. R. 568, Mr. Chief Justice Maltbie said:

"'* * * Whether or not esthetic considerations in themselves would support the exercise of the police power, there can be no question that, if a regulation finds a reasonable justification in serving a generally recognized ground for the exercise of that power, the fact that esthetic considerations play a part in its adoption does not affect its validity. [Citing cases.] As stated by the Court of Appeals of New York: 'Beauty may not be queen but she is not an outcast beyond the pale of protection or respect. She may at least shelter herself under the wing of safety, morality or decency.' Perlmutter v. Greene, 259 N. Y. 327, 332, 182 N. E. 5, 6, 81 A. L. R. 1543."

In Preferred Tires, Inc. v. Village of Hempstead, 173 Misc. 1017, 1020, 19 N. Y. S. (2d) 374, 377, an ordinance similar to the one here being considered was involved. The court stated that the ordinance was adopted for public safety, but observed:

"This court is not restricted to aesthetic reasons in deciding to sustain the validity of the ordinance in question, but if it were so restricted, it would not hesitate to sustain the legislation upon that ground alone."

In 1426 Woodward Ave. Corp. v. Wolff (1945) 312 Mich. 352, 20 N. W. (2d) 217, the most recent case concerning the points here involved, it was held that the control of streets and sidewalks by a home-rule city is not limited to the surface, but includes the space above and beneath the surface, and that the council of the city of Detroit could prohibit the maintenance of existing projecting signs and regulate the size of marquees on a certain part of Woodward avenue, while permitting their maintenance without restriction on other parts of the avenue and other adjoining business thoroughfares, without stating the reasons why such action was taken. The same reasons were urged in that case as are being urged here to support the contention of plaintiff that the ordinance involved is invalid. The court said (312 Mich. 372, 20 N. W. [2d] 224):

"Aside from any aesthetic reason for requiring the removal of signs and the regulation of marquees encroaching on and over a street, municipal authorities have full power to control such encroachments which obstruct light, air, view, rainfall or complete use of the street." (Citing cases.)

In our opinion, the ordinance was passed in the exercise of the police power of the city and is valid.

Order affirmed.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.