**INTERNATIONAL LADIES' GARMENT WORKERS' UNION, AFL et al.**

v.

**SEAMPRUFE Inc. et al.**
**Civ. No. 3603.**

United States District Court,
E. D. Oklahoma.
April 14, 1954.

Gene Stipe, McAlester, Okl., Mullinax & Wells, by Charles J. Morris, Dallas, Tex., for plaintiffs.

Stevenson, Huser & Huser, Holdenville, Okl., and C. H. Baskin, City Atty., of City of Holdenville, Okl., for defendants.

WALLACE, District Judge.

The plaintiffs, International Ladies' Garment Workers' Union, AFL, a voluntary association, Georgia Sukenis and Irving Krantz, bring this action against the defendants, Seamprufe Incorporated, a corporation doing business in Holdenville, Oklahoma, and the City of Holdenville, a Municipal Corporation, to enjoin the enforcement of a recently voted ordinance;[1] allegedly, this ordinance is unconstitutionally impinging upon plaintiffs' right of freedom of speech and is hindering the peaceful distribution of literature by union representatives (the individual plaintiffs) which material is being disseminated in an effort to persuade the employees of defendant Seamprufe Incorporated to join the plaintiff union and as a consequence improve their wages and working conditions.

The defendants, and each of them, have challenged the Court's jurisdiction

---

[1] This ordinance provides: "Ordinance No. 413 An Ordinance Defining Trespass, Providing the Penalty Therefor, and Declaring An Emergency: Be It Ordained By the Mayor and Councilmen of the City of Holdenville, Oklahoma, In Regular Session Assembled: Section 1. Trespass, as used in this ordinance shall include going upon, or occupying any public or private property, or entrance thereto, without the express or implied consent of the owner, lessee or custodian. Section 2. It shall be an offense for any person to trespass upon, or enter upon any public or private property, within the City of Holdenville, Oklahoma, against the wish or consent of the owner, lessee, custodian, or the person rightfully in possession thereof. Section 3. Any person convicted of the offense of trespass as defined herein, shall, upon conviction, be fined in any sum, including cost, of not to exceed $20 and each day such offense may be committed shall constitute a separate offense. Section 4. All ordinances, or parts thereof, in conflict herewith, are hereby repealed."

to consider this cause, have moved to be dismissed and in addition have questioned the right of plaintiff association to be a party to this suit.

 Although the plaintiffs in their complaint have made certain charges of conspiracy which in impact amount to an improper attempt to peer into the *motive* behind the enactment of the questioned ordinance,[2] nonetheless the individual plaintiff's allegations in regard to the "deprivation of their rights, privileges and immunities secured by the Constitution" clearly place the cause of action within the jurisdictional purview of the "Civil rights" statute.[3]

 Naturally, to be entitled to relief, the plaintiffs upon a hearing of this matter must establish the equitable jurisdiction of this Court in order to successfully call upon active intervention in the form of injunctive relief; in addition to establishing the unconstitutionality of the challenged ordinance the plaintiffs must further show that irreparable injury will result if this Court does not exercise the requested equitable authority. Such proof must be convincing in light of the fact that plaintiffs are requesting this Court to enjoin the enforcement of a criminal statute which is so positioned as to cause a clash between state and federal authority.[4]

 The Court recognizes jurisdiction over the individual plaintiffs, Sukenis and Krantz and defendant, City of Holdenville, but hereby dismisses plaintiff association and defendant Seamprufe Incorporated. An association has no standing in court to raise the issue of deprivation of freedom of speech inasmuch as such constitutional guaranty is personal in nature and can only be urged by individual persons.[5] Defendant corporation is not a proper party defend-

2. The motive of a member of a city council or his self-interest in voting for the enactment of an ordinance cannot be inquired into for the purpose of determining the validity of an ordinance. Johnson v. City of Vinita, 1935, 172 Okl. 376, 45 P.2d 1089; Baxley v. City of Frederick, 1928, 133 Okl. 84, 271 P. 257. Cf. Finkelstein v. City of Sapulpa, 1925, 106 Okl. 297, 234 P. 187.

3. 28 U.S.C.A. § 1343 provides in part: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * * (3) *To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States* or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. * * *" (Emphasis supplied.) Also, read Douglas v. City of Jeannette, Pa., 1942, 319 U.S. 157, 161, 63 S.Ct. 877, 87 L.Ed. 1324.

4. "* * * Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the states—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds. (Citing cases.) It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction (citing cases)". Douglas v. City of Jeannette, 319 U.S. at page 163, 63 S.Ct. at page 881. Cf. Railroad Commission of Texas v. Pullman Co., 1941, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; City of Chicago v. Fieldcrest Dairies, Inc., 1942, 316 U.S. 168, 62 S.Ct. 986, 86 L. Ed. 1355; American Federation of Labor v. Watson, 1946, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873.

5. "Natural persons, and they alone, are entitled to the privileges and immunities which Section 1 of the Fourteenth Amendment secures for 'citizens of the United States.' Only the individual respondents may, therefore, maintain this suit." Hague v. Committee for Industrial Organization, 1939, 307 U.S. 496, 59 S.Ct. 954, 963, 83 L.Ed. 1423.

ant in the instant case for the reason that said corporation has no duty or responsibility in connection with the enforcement of the ordinance in question and the presumption at this time is that a successful prosecution by plaintiffs against the defendant municipality would give the plaintiffs the sought after relief.