**INTERNATIONAL LADIES' GARMENT WORKERS' UNION, AFL, et al., Plaintiffs,**

v.

**SEAMPRUFE Incorporated, a corporation, and The City of Holdenville, a Municipal Corporation, Defendants.**

Civ. No. 3603.

United States District Court
E. D. Oklahoma.
March 31, 1955.

Mullinax & Wells, Dallas, Tex., and Gene Stipe, McAlester, Okl., for plaintiffs.

Stevenson, Huser & Huser, Holdenville, Okl., and C. H. Baskin, City Atty. of City of Holdenville, Holdenville, Okl., for defendants.

WALLACE, District Judge.

This action was instituted by International Ladies' Garment Workers' Union, AFL, a voluntary association, and Georgia Sukenis and Irving Krantz, individuals, against Seamprufe Incorporated, doing business in Holdenville, Oklahoma, and the City of Holdenville, a Municipal Corporation, to enjoin the further enforcement of a city ordinance allegedly impinging upon plaintiffs' right of freedom of speech and hindering the peaceful distribution of union literature framed to persuade employees of Seamprufe Incorporated to join the plaintiff association's union and thereby gain increased wages and improved working conditions.[1] However, the Court dismissed the plaintiff association and the defendant company from the case, but recognized jurisdiction over the two individual plaintiffs and the defendant municipality.[2] In retaining such jurisdiction, this Court observed:[3]

"Naturally, to be entitled to relief, the plaintiffs upon a hearing of this matter must establish the equitable jurisdiction of this Court in order to successfully call upon active intervention in the form of injunctive relief; in addition to establishing the unconstitutionality of the challenged ordinance the plaintiffs must further show that irreparable injury will result if this Court does not exercise the requested equitable authority. Such proof must be convincing in light of the fact that plaintiffs are requesting this Court to enjoin the enforcement of a criminal statute which is so positioned as to cause a clash between state and federal authority."

1. This ordinance provides: "Ordinance No. 413 An Ordinance Defining Trespass, Providing the Penalty Therefor, and Declaring An Emergency: Be It Ordained By the Mayor and Councilmen of the City of Holdenville, Oklahoma, In Regular Session Assembled: Section 1. Trespass, as used in this ordinance shall include going upon, or occupying any public or private property, or entrance thereto, without the express or implied consent of the owner, lessee or custodian. Section 2. It shall be an offense for any person to trespass upon, or enter upon any public or private property, within the City of Holdenville, Oklahoma, against the wish or consent of the owner, lessee, custodian, or the person rightfully in possession thereof. Section 3. Any person convicted of the offense of trespass as defined herein, shall, upon conviction, be fined in any sum, including cost, of not to exceed $20 and each day such offense may be committed shall constitute a separate offense. Section 4. All ordinances, or parts thereof, in conflict herewith, are hereby repealed."

2. Plaintiff association was dismissed for the reason that only natural persons are entitled to the privileges and immunities offered by section 1 of the Fourteenth Amendment; and, defendant corporation was dismissed inasmuch as it had no duty to enforce the ordinance. See reported opinion 121 F.Supp. 165.

3. See reported opinion 121 F.Supp. 165, 167.

■ After hearing evidence and taking the case under advisement, the Court has concluded that plaintiffs are not entitled to the requested relief inasmuch as there is no showing that irreparable injury will result from the enforcement of the instant ordinance.[4]

■ In addition, it is fundamental that where the state court has not interpreted a local law, such as the one in view, and where local administrative officers have not by enforcement clearly demonstrated unconstitutionality, a strong presumption of constitutionality exists;[5] and, this Court should only intervene where no other adequate remedy is available.

Plaintiffs have a clear and direct means of asserting their constitutional rights in a state court criminal proceeding wherein the Untied States Supreme Court can ultimately review all federal questions without bringing into needless conflict federal and state authority.[6]

The defendant municipality is entitled to judgment. Within 15 days counsel should submit a journal entry which conforms with this opinion.

4. As stated in Douglas v. City of Jeannette, 1942, 319 U.S. 157, 163, 63 S.Ct. 877, 881, 87 L.Ed. 1324: " * * * Hence, courts of equity in the exercise of their discretionary powers should conform to this policy by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the states— though they might otherwise be given— should be withheld if sought on slight or inconsequential grounds. (Citing cases.)" Cf. Railroad Commission of Texas v. Pullman Co., 1941, 312 U.S. 496, 61 S. Ct. 643, 85 L.Ed. 971; City of Chicago v. Fieldcrest Dairies, Inc., 1942, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; American Federation of Labor v. Watson, 1946, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873.

5. "If, conceivably, the ordinance might be given an interpretation of broader sweep and more doubtful constitutionality, the notable and altogether proper reluctance of federal courts to issue injunctions against state and city officials, restraining their enforcement of criminal laws and ordinances, would lead us to adopt the most innocent interpretation until the state courts have ruled otherwise, or at least until the local officials have proceeded to act on an interpretation which brings the law or ordinance in conflict with constitutional guarantees. * * *" City of Manchester v. Leiby, 1 Cir., 1941, 117 F.2d 661, 665. Although a municipality's authority to declare a criminal trespass as to "public property" is sharply circumscribed, Read Hague v. Committee for Industrial Organization, 1939, 307 U.S. 496, 515, 59 S.Ct. 954, 83 L.Ed. 1423; Marsh v. State of Alabama, 1946, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265; Lovell v. City of Griffin, 1938, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949, significantly, plaintiffs' complaint in the instant case deals exclusively with trespass upon property leased to an individual company, and thus involves private property.

6. Cf. " * * * It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court. * * *" The Douglas Case, footnote 4, supra, 319 U.S. at page 164, 63 S.Ct. at page 881.

Plaintiffs have been convicted of violating the ordinance in question by the Municipal Court of the City of Holdenville; and, such conviction has been appealed to, and is now pending in, the County Court of Hughes County, Oklahoma.