PER CURIAM.
Jurisdiction in this cause was tentatively accepted on two grounds: first, that the decision of the District Court below, a per curiam affirmance reported at 257 So.2d 116 (2nd D.C.A.Fla.1972), conflicted with City of Miami Beach v. Schauer, 104 So.2d 129 (3rd D.C.A.Fla.1958); second, that the decision below was one affecting a class of constitutional or state officers. Article V, Section 4(2), Florida Constitution, F. S.A.
Having heard oral arguments, and having examined the briefs and record relating to the cause, we now find that the tentative grant of jurisdiction was granted in error. The case is a continuation on remand of State, Department of Citrus v. Griffin, 239 So.2d 577 (Fla.1970). Plaintiffs, C. V. Griffin, Sr. and C. V. Griffin Groves Co., seek to have subpoenas duces tecum directed against defendants, members of the Florida Citrus Commission and members of the School Lunch Advisory Committee, requiring the production at trial of all personal income tax returns relating to a certain period of time. The trial court has sustained the subpoenas in part, on the ground that they relate to issues *37 relevant to the cause; however, the court has announced that it is withholding any ruling on admissibility until trial. An interlocutory appeal from this ruling resulted in an affirmance by the District Court without opinion.
It is our judgment that the determination of any jurisdictional avenue to this Court must await proper resolution of the issue of admissibility at trial, lest such determination be based upon unfounded speculation. We find the case as currently postured easily distinguishable from Schauer, and only vaguely, if at all, related to the powers, duties and responsibilities of any class of constitutional or state officers in a manner which would “affect” such a class.
The writ heretofore issued in error is dismissed.
It is so ordered.
ROBERTS, C. J„ and ERVIN, CARLTON, ADKINS and McCAIN, JJ., concur.