## CHARLES PRIEST v. STATE.

No. A-8884.   Aug. 30, 1935.
(48 Pac. [2d] 859.)

Wayne Wheeling, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of entering a building with intent to steal and carry away certain

property contained therein, and was sentenced to serve a term of one year in the county jail.

The testimony on behalf of the state shows that O. D. Ferrier owned a garage on the premises known as 3217 South Walker, in the city of Oklahoma City, Okla.; said garage was used at the time of the alleged offense for storage of certain property belonging to the said O. D. Ferrier; some time prior to the night of the alleged offense a hole in the wall of the building had been opened by tearing off some boards on the side of the building opening on the alley; the following day after it was discovered a hole in the wall of the building had been opened, the owner and an officer set an alarm by stringing cords or threads on the inside of the garage building near the hole and attached it to a bell in the home of the owner of the garage; some time in the evening of the alleged offense the alarm went off and Mr. Sweet, an officer, rushed out to the garage, and just as he got to the garage the defendant was coming out of the hole in the wall of the garage.

The defendant admits he went into the garage, but states he went in to answer a call of nature, and when he found the garage was occupied, he turned and came out through the hole, intending to go on his way.

The testimony further shows that prior to this night some property had been changed around and placed near the hole in the building, but there was no testimony showing who did this, or that the defendant was ever in the building before the time he was caught coming out of the building.

The defendant admits entering the building; denies he opened the hole in the wall of the building; denies he had any intention of taking anything out of the building,

424

and states positively his reason for going into the building was to answer a call of nature, and when he found there was property in the building, he came out of the building without answering nature's call. This is in substance all of the testimony, both for the state and the defendant.

The jury by returning its verdict did not believe the statements of the defendant that he did not enter the building for the purpose of taking anything from the building, notwithstanding the defendant's positive statement of what his intention was when he entered the building. No brief has been filed in the case, therefore, this court will look to the record as it finds it, and carefully consider the weight of the evidence and circumstances of the case, and the recommendation made by the jury in its verdict.

After due consideration of all of the facts and circumstances, we believe the verdict of the jury to be excessive, and that the ends of justice would be properly met by a modification of the judgment from one year in the county jail to imprisonment in the county jail for six months, and, as modified, the judgment is affirmed.

EDWARDS and DOYLE, JJ., concur.