CITIES AND TOWNS The franchise provisions of Article XVIII, Section 5, of the Oklahoma Constitution would only be applicable to a cable television system to be operated within a municipality, if public streets or other public ways are to be used to operate such system. There are no constitutional or state statutory provisions which would prohibit, regulate or restrict the operation of a cable television system within a municipality. The applicability of municipal bidding procedures to the issuance of a franchise to operate a cable television system within a particular municipality would be controlled by local ordinances relating to such bidding procedures. The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Do the provisions of Article XVIII, Section 5 of the Constitution of the State of Oklahoma apply to cable television operations within a municipal corporation? "2. Are there any other constitutional or statutory provisions of Oklahoma law prohibiting, regulating or restricting the basic right to operate a cable television system within a municipal corporation? "3. If an individual or corporation enters into an agreement with a municipal corporation providing for that individual or corporation to operate a cable television franchise system within the corporate limits, must that agreement be subject to the municipality's bidding procedures for purchases in the event the consideration to the municipal corporation exceeds the amount after which purchases must be made by bid and in the event it does not?" Article XVIII, Section5(a) of the Constitution of the State of Oklahoma provides as follows: "No municipal corporation shall ever grant, extend, or renew a franchise, without the approval of a majority of the qualified electors residing within its corporate limits, who shall vote thereon at a general or special election; and the legislative body of any such corporation may submit any such matter for approval or disapproval to such electors at any general municipal election, or call a special election for such purpose at any time upon thirty days' notice; and no franchise shall be granted, extended, or renewed for a longer term than twenty-five years." Section 5(b) of Article XVIII sets forth the procedures whereby qualified electors of any municipal corporation may petition for a special election to consider whether a franchise should be granted, extended or renewed. The provisions of Article XVIII, Section 5 would be applicable only if the municipal corporation required a cable television system to obtain a franchise in order to operate within the municipality. There are no general State laws requiring cable television systems to obtain franchises in order to operate within a municipal corporation. However, a municipality may require a cable television system to obtain a franchise or permit and make franchise payments or other remuneration for the occupancy of municipal property. The Oklahoma Supreme Court stated in State ex rel Williamson v. Garrison,48 P.2d 859 (1960), that the term "franchise" is generally used to designate a right or privilege conferred by law, and represents rights or privileges of doing that which does not belong to citizens generally. See also Oklahoma Gas and Electric Company v. Wilson and Company,146 Okl. 272, 288 P. 316 (1930). It was noted by the Supreme Court in Bartlesville Electric Light and Power Company v. Bartlesville Interurban Ry. Co., 26 Okl. 453, 109 P.2d 228
(1910), that the right to sell light and power is not dependent upon any franchise, but the right to use the streets and public grounds of the city for that purpose does depend upon the consent of the city. In Oklahoma Gas and Electric Company v. Total Energy, Inc., 449 P.2d 917 (1972), the Court held: "We hold a franchise, granted by a municipality in compliance with Article XVIII, 5(a) of the Constitution, grants the holder a right to use public streets, and other public ways, for the purpose of maintaining and operating a business affected with a public interest within the municipality, and embraces the privilege of conducting such business. However, if streets or other public ways are not used in maintaining and operating such business, a franchise is not required to generate, distribute and sell electricity within a municipality." Thus, when a cable television system undertakes to maintain its own distribution system, it is analogous to telephone, electric, gas, water, and other companies that do likewise, and as such, is subject to the same regulations as are these companies when the reasons for those regulations apply to it, and it may be required to obtain a franchise. Alternatively, where such system does not erect and maintain its own distribution system, but contracts with someone already maintaining a suitable system for handling cable television a franchise would not be required. It would, therefore, follow that where the cable television system to be operated will use public streets or public ways, the provisions of Section 5, Article 18 of the Oklahoma Constitution would apply. In regard to your second question, there are no state constitutional or statutory provisions which prohibit, regulate, or restrict the operation of a cable television system within a municipal corporation. Concerning your third question, the determination of whether or not bids must be taken for the issuance of a franchise to a corporation to offer a cable television system in a municipality would be controlled by any applicable local ordinance of the municipality. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The franchise provisions of ArticleXVIII, Section 5 of the Oklahoma Constitution would only be applicable to a cable television system to be operated within a municipality, if public streets or other public ways are to be used to operate such system. There are no constitutional or state statutory provisions which would prohibit, regulate or restrict the operation of a cable television system within a municipality. The applicability of municipal bidding procedures to the issuance of a franchise to operate a cable television system within a particular municipality would be controlled by local ordinances relating to such bidding procedures. (KAY KAREN KENNEDY) (ksg) ** SEE: OPINION NO. 93-569 (1993) (UNPUBLISHED) **Disposition: ** SEE: OPINION NO. 90-032 (1991) **